## UNITED STATES v. SLAUGENHOUPT.

Crim. No. 13359.

United States District Court
W. D. Pennsylvania.

Jan. 28, 1952.

Edward C. Boyle, U. S. Atty., I. A. Swiss, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Robert A. Jarvis, Beck, McGinnis & Jarvis, all of Pittsburgh, Pa., for defendant.

STEWART, District Judge.

A complaint against the defendant was filed with a United States Commissioner by

the United States, and upon request of defendant, a date was set for a preliminary hearing pursuant to Rule 5(c) of the Federal Rules of Criminal Procedure, 18 U.S.C. Subsequent to the arraignment before the United States Commissioner but prior to the date set for the preliminary hearing, an indictment, one count of which charged the same offense alleged in the complaint, was returned by a Federal Grand Jury. On the date set for preliminary hearing, defendant and his counsel appeared before the United States Commissioner. When informed that a Federal Grand Jury had returned an indictment against the defendant for the same offense charged in the complaint before him, the United States Commissioner ruled that there was probable cause to believe that the defendant had committed the offense charged and held him to answer in the District Court. This ruling was made by the Commissioner without requiring the production of any testimony in support of the complaint, and it is this procedure to which defendant now objects.

■ Defendant has moved to dismiss the indictment on the ground that defendant was denied his right to a preliminary hearing before the United States Commissioner and that, consequently, the indictment is void. Counsel for defendant concedes that if the prosecution had been initiated by presentation of evidence to the Grand Jury, the defendant would not be entitled to a preliminary hearing, but argues that when the United States Attorney elects to proceed by complaint, he must follow this method to conclusion.

We can find no merit in defendant's position. The identical question was presented to the United States District Court for the District of Columbia in United States v. Gray, 1949, 87 F.Supp. 436, and Judge Holtzoff held [1] that no right of the defendant had been violated by reason of the fact that no preliminary hearing was given, where in the interim between the filing of the complaint and the date of the preliminary hearing, an indictment was returned by a Grand Jury.

The case of James v. Lawrence, 1949, 84 U.S.App.D.C. 355, 176 F.2d 18, holds that a preliminary examination is unnecessary where an indictment is returned prior to the date set for the preliminary hearing. In Barber v. U. S., 4 Cir., 1944, 142 F.2d 805, Judge Parker states, at page 807 of 142 F.2d: "The only purpose of a preliminary hearing is to determine whether there is sufficient evidence against an accused to warrant his being held for action by a grand jury; and, after a bill of indictment has been found, there is no occasion for such hearing."

■ Although we hold that this is sufficient to dispose of defendant's motion, one further observation may be made. Under the facts of this case, the United States Commissioner ruled, at the time of the hearing, that the return of the indictment was sufficient to show probable cause. The Supreme Court of the United States has held that an indictment establishes probable

1. "First, it should be observed that the Grand Jury has a right to find an indictment against any person against whom sufficient evidence is presented to it. The Grand Jury is not limited to considering cases of only those persons who have been bound over to the Grand Jury by a committing magistrate. Consequently, the Grand Jury had a right to hear the evidence presented against this defendant and find the indictment against him, irrespective of whether a preliminary hearing had or had not been held. Even if there had been any violation of the defendant's rights in respect to a preliminary hearing, this circumstance would not constitute a ground for dismissal of the indictment.

"Second, the Court is of the opinion that no right of the defendant has been violated. As stated before, the Grand Jury has a right to find an indictment against a defendant who has had no preliminary hearing before a committing magistrate. The Grand Jury may initiate a case on its own motion. Suppose, for example, the defendant never had been arrested. He would have no hearing before the United States Commissioner or other committing magistrate. Yet the Grand Jury might find an indictment against him on evidence presented to it by the United States Attorney. Many prosecutions are initiated by presentation of evidence before a Grand Jury." 87 F.Supp. at page 437.

cause and is itself authority to bring the accused to trial. U. S. ex rel. Kassin v. Mulligan, 1935, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501. Defendant's motion to dismiss the indictment will be denied.