Albert A. Oppido, J.
This is a motion by the defendant, Dennis De Iorio, seeking an order either dismissing the indictment and/or suppressing any and all evidence or information procured by the police by way of a purported confession taken from the defendant.
*69 On August 25, 1964, a criminal complaint was filed against the defendant charging him with the crimes of violating sections 1290,1293-a and 1294 of the Penal Law of the State of New York. On August 31, 1964, a felony examination was conducted in the District Court of Nassau County.
Defendant herein poses a unique theory of law, which he feels warrants the relief requested. During the course of the felony examination, conducted in the Nassau County District Court, a confession, purportedly taken from the defendant, was offered in evidence. Defense counsel objected to the admissibility of the confession, based on the recent United States Supreme Court case, Escobedo v. Illinois (378 U. S. 478). A voir dire was conducted regarding said objection and the Judge sustained defense counsel’s objection and declared the confession “ worthless and useless ”.
The entire argument surrounding the voir dire centered on the holding in the Escobedo case on whether or not the defendant must be informed of his right to counsel and also his right to remain silent.
In view of the lower court’s ruling regarding the Escobedo case, we are now confronted with the principle, as advanced by defense counsel, that said ruling by the Judge on the felony examination is binding on the Grand Jury and the County Court. He claims that said ruling is the law of the case and is in fact res judicata and that the District Attorney is collaterally estopped from using this “ illegal and unlawful evidence ” before a Grand Jury for the purpose of indicting the defendant, to wit, introducing the very same confession, which was excluded in the felony examination, as evidence before the Grand Jury.
Section 6 of article I of the Constitution of the State of New York, insofar as it pertains to this case, states in pertinent part as follows: “No person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury ”. Looking at the indictment, it is clear that the defendant is charged with several crimes that come Avithin the exclusive jurisdiction of the Grand Jury.
Section 245 of the Code of Criminal Procedure states: ‘ ‘ The grand jury has power, and it is their duty, to inquire into all crimes committed or triable in the county, and to present them to the court.”
‘ ‘ A person may be tried before a Magistrate, may be acquitted, and the matter then may be presented to the Grand Jury and the Grand Jury may, upon evidence submitted to it, indict.” (People v. Denny, 50 N. Y. S. 2d 435, 436.)
*70 Section 249 of the Code of ’Criminal Procedure states: “ The grand jury can receive none -but legal evidence. ’ ’
As the court stated in People v. Rauch (140 Misc. 691, 693): “ The law expressly prohibits the introduction of illegal evidence before a grand jury. (People v. Goldenberg, 110 Misc. 556, 564.) Only such as is admissible at a trial can legally be received and considered. ”
The Grand Jury, being a constitutional creation, has the power to inquire into all crimes committed in a county. The Grand Jury’s power cannot be abridged or impaired and they are responsible for investigation of crimes and presentment or handing up of an indictment. As has been indicated, the action of a Magistrate cannot abridge the Grand Jury’s power.
We now come to the question which relates to the presenting of “none but legal evidence” to a Grand Jury. Who is to determine what evidence is legal evidence and what is illegal evidence as presented to a Grand Jury? In the first instance, this is determined by the prosecution. However, the final determination of legality cannot come within the purview of either the Grand Jury or the prosecution, but rather rests with the trial court.
The validity or voluntariness of a statement or confession in a felony case, prior to the case of Jackson v. Denno (378 U. S. 368) was solely within the province of the Judge and jury. This procedure has been changed by the Jackson case, but final determination rests with the court and jury having trial jurisdiction, which in the instant application is the County Court.
“ The object of a preliminary examination is, (a) to inquire whether a crime has been committed and the accused’s connection with it; (b) to perpetuate the testimony of the witness, and (c) to determine the amount of bail in a bailable case in order to insure the presence of the defendant.” (People v. Albero, 119 Misc. 339, 341.)
“ [H]earing before a magistrate is not a prosecution. It is an inquiry.” (People ex rel. Pringle v. Conway, 121 Misc. 620, 621.)
‘ ‘ Sections 190 to 206, inclusive, of the Code of Criminal Procedure provide for a preliminary examination of one accused of crime and prescribe the proceedings to be had upon such an examination and set forth the rights of the accused thereupon. Nothing therein contained prohibits a grand jury from investigating into the circumstances of the alleged crime, frdm hearing testimony nor from indicting, in a proper case, while such *71 examination is pending or even before any such examination is commenced.” (People v. Joslin, 129 Misc. 790, 791.)
Defendant is authorized by section 190 of the Code of Criminal Procedure to waive examination and give bail.
Based on the foregoing it can be concluded that, while a preliminary examination serves a useful purpose, it is nonetheless not an absolute, essential ingredient to an indictable criminal matter. It is, therefore, not at all critical in our proceedings; as was stated in People ex rel. Hirschberg v. Close (1 N Y 2d 258, 260): “ the validity of the indictment, not otherwise challenged, could not be affected by any defects in the proceedings before the committing magistrate.”
Judge Weinfeld, in the case of the United States ex rel. Boone v. Fay (231 F. Supp. 387, 390), stated: “The magistrate’s proceeding is entirely distinct from the grand jury’s inquiry of the same charges. The New York State Court of Appeals has held [citing People ex rel. Hirschberg v. Close] that under the statute * * * the Grand Jury [has] power to investigate and indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or of whether there had ever been such a preliminary hearing.” Just as a preliminary hearing has no binding force upon a grand jury, so it does not result in any waiver of any defense available to the defendant in any subsequent proceeding which follows in the wake of a grand jury indictment. * * * Clearly the magistrate’s preliminary proceeding is not of such a critical nature so that what occurs there may prejudicially impinge upon or foreclose any defense or right in resistance to the charge upon a subsequent trial.”
Thus, it can be said that the prosecution cannot be precluded by the acts of the Magistrate on the preliminary examination from proceeding against the defendant in subsequent proceedings before the Grand Jury.
By way of analogy, it should be noted that the question of illegally seized evidence, by statute, section 813-e of the Code of Criminal Procedure, must be raised by the defendant before the court having jurisdiction over the matter and not on a felony examination before a Judge of a Court of Special Sessions.
Admittedly, if the foregoing conclusions be logical, one might ask how then do you determine what is legally competent evidence before a Grand Jury? Must you wait for a trial to have a final determination?
*72 Actually, we have statutes permitting inspection of Grand Jury minutes and dismissal of a particular indictment, and these motions can be made prior to trial, thereby insuring the defendant protection of his rights, as provided by law. An obvious, natural extension of this safeguard, of course, is a pretrial confession hearing which, in light of the recent Court of Appeals case of People v. Huntley (15 N Y 2d 72), is indicated regarding future question affecting the voluntariness of a particular confession.
Finally, the contention of the defendant that the ruling of the lower court on the inadmissibility of the confession whether it be erroneous or not “ is the law of the case ”, and his effort to equate the felony hearing with a full trial where there has been an adjudication on the merits, is untenable.
• Therefore, this court concludes that the confession was admissible before the Grand Jury and its voluntariness or admissibility can only be determined in the proper trial court.
The ruling at the felony examination is not the law of the case and is not binding on either the Grand Jury or the trial court.
The defendant’s motion is denied in all respects.