**UNITED STATES of America,**
**Appellee,**

v.

**John HEAP, Defendant-Appellant.**

No. 383, Docket 29426.

United States Court of Appeals
Second Circuit.

Argued March 17, 1965.

Decided May 4, 1965.

Daniel R. Murdock, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., and Bernard W. Nassbaum, Asst. U. S. Atty., Southern Dist. of New York, New York City, on the brief), for appellee.

Leon B. Polsky, New York City (Anthony F. Marra, New York City, on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, and MOORE and MARSHALL, Circuit Judges.

LUMBARD, Chief Judge:

John Heap appeals his conviction and five-year sentence for violation of the federal narcotics laws, 21 U.S.C. §§ 173, 174, imposed by Judge Sugarman after a jury trial in the Southern District of New York. He argues first that the charge to the jury on "reasonable doubt" was improper, second, that the trial court erred in refusing to turn over to the defense material allegedly covered by the Jencks Act, 18 U.S.C. § 3500, and, third, that the case should have been dismissed because of alleged irregularities in the pre-trial proceedings. We find these contentions without merit and affirm the conviction.

■ *First.* The trial court charged the jury that "reasonable doubt" was doubt which must be substantial and not speculative and "must be sufficient to cause a reasonably prudent person to hesitate to act in the more important affairs in his own life." Defense counsel took no exception to this charge. Nor would such a challenge, if made, have met with success. This conventional form of charge was approved by this court most recently in United States v. Davis, 328 F.2d 864, 866 n. 1 (2 Cir. 1964), and is in accord with the recommendation of the Supreme Court in Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

■ *Second.* A number of narcotic agents' reports and portions of reports requested by the defense counsel under the Jencks Act, 18 U.S.C. § 3500, were examined by the trial court *in camera* and were withheld from the defense, while others were released. We have examined the material withheld and find that no error was committed. This material, which related to the narcotic bureau's investigation of Heap and its unsuccessful efforts to locate him, bore no relation to the subject matter of the testimony given by the agents at trial. See United States v. Sten, 342 F.2d 491 (2 Cir.1965); United States v. Simmons, 281 F.2d 354 (2 Cir. 1960).

■ *Third.* Heap was first taken before the United States Commissioner on February 3, 1964 and informed of his right to counsel.[1] He was committed in lieu of $15,000 bail, and held for a preliminary hearing originally scheduled for February 6, but later adjourned to February 11. Meanwhile, on February 7, a grand jury indicted Heap and no hearing was ever held. This procedure was proper, as the function of the preliminary hearing is to establish probable cause for the detention of the defendant, and indictment by the grand jury determined that issue. United States v. Lodewijkx, 230 F.Supp. 212, 217 (S.D.N.Y.1964).

■ Heap also complains that Agent Holborow's hearsay testimony was the sole basis for his indictment. Holborow testified to all the circumstances of the sale, although he was outside of the build-

---

1. Apparently counsel was not assigned until after Heap was indicted. We are not informed as to whether Heap was financially unable to retain counsel when he was arraigned. Of course, the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, when it becomes effective, will require assignment of counsel upon arraign- ment where a defendant is financially unable to retain counsel and does not waive counsel. There is nothing in the record to support the argument that Heap's defense to the indictment was adversely affected by the failure to hold a preliminary hearing before the Commissioner.

ing when the transaction between Heap and Agent Ripa took place and apparently was summarizing information he secured from Ripa and the government chemist. An indictment found upon such testimony is not subject to attack. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1955).

The judgment is affirmed.