UNITED STATES of America,
Appellee,

v.

Arthur P. GILCHRIST, Appellant.
No. 542, Docket 29192.

United States Court of Appeals
Second Circuit.

Argued June 22, 1965.

Decided June 28, 1965.

John S. Martin, Jr., Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, on the brief), for appellee.

Leon B. Polsky, New York City (Arthur P. Gilchrist, pro se, on the brief), for appellant.

Before MOORE and FRIENDLY, Circuit Judges, and WEINFELD, District Judge.

PER CURIAM:

Arthur Gilchrist was indicted on three counts, one for possessing a letter (a federal tax refund check) known to have been stolen from the mails, and the other two for having forged and uttered a United States Treasurer's check. After a jury trial, he was convicted on all counts. He now appeals *pro se* attacking the sufficiency of the evidence and claiming that his arrest was unlawful, that he received no preliminary hearing, and that the indictment was insufficiently informative as to the crimes charged.

The Government's case rested largely on the testimony of Gilchrist's accomplice, Dorothy Bertran, with whom he had arranged identification papers and who actually presented the forged check for cashing. Her testimony was sufficient, if believed, to establish Gilchrist's guilt on all three counts—his possession of the stolen check and his aiding and abetting her in its forging and uttering. Most of Gilchrist's points on appeal are merely arguments directed to possible inconsistencies in the Bertran testimony, some based on extra-record information, which go to her credibility.

The illegal arrest claim has not been made before and is not open now. The same principle applies to appellant's claim that he was not afforded a preliminary hearing which, in any event, was no longer required once the indictment was returned. Moreover, the alleged illegality would call only for exclusion of evidence seized or—on some occasions—of oral statements made, of which there were none.

As for the indictment, it charged in the statutory language with sufficient clarity and reference to the precise letter and check in question. That is sufficient.

Affirmed.