**UNITED STATES of America,
Appellee,**

v.

**John HEAP, Defendant-Appellant.**

**No. 179, Docket 29938.**

United States Court of Appeals
Second Circuit.

Submitted Nov. 16, 1965.

Decided Dec. 2, 1965.

Daniel R. Murdock, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., for the Southern Dist. of New York, New York City, on the brief), for appellee.

John Heap, pro se.

Before MEDINA, WATERMAN and FRIENDLY, Circuit Judges.

PER CURIAM.

After a trial to court and jury John Heap was convicted of violations of the narcotics laws and, on April 20, 1964, given a mandatory sentence of five years imprisonment. After taking an appeal to this Court, the prisoner decided he wished to remain at the Federal Detention Headquarters in New York City pending the determination of his appeal. In order to remain at the Federal Detention Headquarters it was necessary for the prisoner to elect "not to commence service of said sentence." Accordingly, he signed a document entitled "Election Against Service of Sentence" that not only contained a plain statement that Heap elected not to commence service of the sentence, but also the following: "I have been informed and I fully understand that, as long as my election not to serve remains in effect, the sentence of imprisonment shall be stayed." He made no application for release on bail thereafter and the judgment of conviction was affirmed by us on May 4, 1965, United States v. Heap, 2 Cir., 345 F.2d 170. The result was that no credit against service of his sentence was given for the time of incarceration at the Federal Detention Headquarters in the interval between the election "not to commence service of said sentence" and the affirmance, a period of about a year.

After due consideration of all aspects of the election procedure, Congress may amend the existing law. As matters now stand the courts are without power to afford relief, however, and the appeal from Judge Sugarman's order denying the prisoner's application for a reduction of sentence is affirmed. Appellant's reliance on Short v. United States, D.C. Cir., 1965, 344 F.2d 550 is misplaced.

Affirmed.