The **UNITED STATES** of America,

v.

Beatrice M. **MOTTE** and Theodore V. Shyvers, Defendants.

United States District Court
S. D. New York.

Jan. 21, 1966.

---

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, H. Harcourt Dodds, New York City, of counsel, for plaintiff.

Frederic A. Johnson, New York City, for defendants.

TENNEY, District Judge.

Defendants move herein for an order, pursuant to Section 1361 of Title 28 of the United States Code (28 U.S.C. § 1361 (Supp. 1965)), enjoining and restraining the United States Attorney from moving for pleading indictment 65 Cr. 1121 until a preliminary hearing has been held before the United States Commissioner "as to the facts underlying this prosecution and its inception." In a supplemental affidavit defendant's counsel, on the same factual averments, requests the Court to "dismiss or quash" the indictment and "to discharge the defendants."

It appears that the defendants were arrested without a warrant on or about October 22, 1965, and a preliminary hearing before the Commissioner was set for December 3, 1965. On that date, the Government applied for and was granted, over the objection of the defendants, a one-week adjournment and the hearing was rescheduled for December 10, 1965. On December 10, 1965, prior to the time scheduled for the hearing, an indictment was returned against these defendants charging them with violations of the Narcotics law. The Commissioner, in

view of the return of the indictment, then closed the hearing.

Thereafter, a superseding indictment was filed against these defendants on December 16, 1965, which cured a technical defect in the prior indictment (i. e., the omission of the date on which the violation allegedly occurred).

The defendants assert that the failure to accord them a preliminary hearing, on the facts presented, in some way violated their rights and warrants the dismissal of the indictment and/or the postponing of pleading until a preliminary hearing is held. In addition, they apparently contend that the return of the indictment and failure to hold a preliminary hearing unconstitutionally shifted to them the burden of showing (by way of a motion under Rule 41(e) of the Federal Rules of Criminal Procedure) the absence of probable cause to arrest and that accordingly as to them Rule 41(e) is unconstitutional.

It has been consistently held that an accused has no constitutional right to a preliminary hearing. Dillard v. Bomar, 342 F.2d 789 (6th Cir. 1965), and the failure to accord an accused a preliminary hearing is in no way violative of due process. United States v. Smith, 343 F.2d 847 (6th Cir. 1965).

Rule 5(c) of the Federal Rules of Criminal Procedure provides that the Commissioner, at the preliminary hearing, should determine whether "there is probable cause to believe that an offense has been committed and that the defendant has committed it."

██ The only purpose served by a preliminary examination is to determine whether there is sufficient evidence to warrant a defendant being held in custody or, as here, on bail to await action of a grand jury (Boone v. United States, 185 F.Supp. 411 (W.D.Ky.1959), aff'd, 280 F.2d 911 (6th Cir. 1960) (Per curiam); see United States v. Heap, 345 F.2d 170 (2d Cir. 1965)). The grand jury, by returning an indictment, resolved that issue (see United States v. Slaugenhoupt, 102 F.Supp. 820, 821–822 (W.D.Pa.1952)), the indictment conclu-

sively establishing the probable cause (8 Moore, Federal Practice ¶ 5.04[3] n. 11 (2d ed. 1965)), and thereby eliminated the necessity for the preliminary hearing before the Commissioner. United States v. Gilchrist, 347 F.2d 715 (2d Cir. 1965) (Per curiam); United States v. Heap, supra; Vincent v. United States, 337 F.2d 891, 896 (8th Cir. 1964), cert. denied, 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281 (1965); United States v. Lodewijkz, 230 F.Supp. 212, 217 (S.D. N.Y.1964).

██ In the case at bar, probable cause to believe that an offense had been committed, and that the defendants had committed it, having been shown by reason of the return of the indictment, no further function existed for the Commissioner to perform, and, accordingly, the refusal of the Commissioner to proceed was in accord with the procedure above outlined and with the function of the Commissioner.

██ The finding by the grand jury of an indictment, just like action of the Commissioner, in no way precludes a Rule 41(e) motion; indeed, the Commissioner's determination on the issues before him could not constitute an adjudication on the issue of the admissibility of the evidence against these defendants.

"By waiving preliminary examination, a defendant waives no more than the right which this examination was intended to secure him— the right not to be held in the absence of a finding by the Commissioner of probable cause that he has committed an offense.

By the same token, the Commissioner here had no authority to adjudicate the admissibility at petitioner's later trial of the heroin taken from his person. That issue was for the trial court. This is specifically recognized by Rule 41(e) of the Criminal Rules [Federal Rules of Criminal Procedure] which provides that a defendant aggrieved by an unlawful search and seizure may ' * * * move the district court

\* \* \* to suppress for use as evidence anything so obtained on the ground that \* \* \* ' the arrest warrant was defective on any of several grounds." Giordenello v. United States, 357 U.S. 480, 484, 78 S.Ct. 1245, 1249, 2 L.Ed.2d 1503 (1958).[1]

■ Thus, defendants appear to be misconstruing the function and jurisdiction of the Commissioner and the issues cognizable before him. They similarly appear to be confusing the probable cause in a seizure case that must be shown before the Commissioner with the probable cause that must be shown on a Rule 41(e) motion.[2]

■ Nor did the return of the indictment during the one-week continuance of the hearing violate defendants' rights. In United States v. Gray, 87 F.Supp. 436 (D.D.C.1949), the defendant moved to dismiss the indictment on the ground that the Commissioner's hearing had been continued on the Government's motion and that in the interim an indictment had been returned, thereby depriving him of his right to a preliminary hearing.

■■ Since Judge Holtzoff's decision so thoroughly disposes of defendants' arguments, it will be set forth herein:

"First, it should be observed that the Grand Jury has a right to find an indictment against any person against whom sufficient evidence is presented to it. The Grand Jury is not limited to considering cases of only those persons who have been bound over to the Grand Jury by a committing magistrate. Consequently, the Grand Jury had a right to hear the evidence presented against this defendant and find the indictment against him, irrespective of whether a preliminary hearing had or had not been held. Even if there had been any violation of the defendant's rights in respect to a preliminary hearing, this circumstance would not constitute a ground for dismissal of the indictment.

Second, the Court is of the opinion that no right of the defendant has been violated. As stated before, the Grand Jury has a right to find an indictment against a defendant who has had no preliminary hearing before a committing magistrate. The Grand Jury may initiate a case on its own motion. Suppose, for example, the defendant never had been arrested. He would have no hearing before the United States Commissioner or other committing magistrate. Yet the Grand Jury might find an indictment against him on evidence presented to it by the United States Attorney. Many prosecutions are initiated by presentation of evidence before a Grand Jury.

The real purpose of a preliminary hearing is to prevent a person from being held in custody without a prompt hearing. In this case the defendants were not in custody. The defendants had been given bail.

The Commissioner is a judicial officer. He has a right, for good cause shown, to grant a continuance of a hearing, either at the request of Government counsel or at the request of the defense. The fact that the hearing is continued does not bar the United States Attorney from

---

1. See 4, Barron & Holtzoff § 1875 n. 35.1 (Cumulative Supplement 1964); cf., 8 Moore Federal Practice ¶ 5.04 [2] n. 9 (2d ed. 1965); see, also, People v. De Iorio, 45 Miss.2d 68, 256 N.Y.S.2d 248 (County Ct. 1965).

2. While there is no clear statement on the point, the procedure adopted and followed in this district is that where there is a warrantless arrest and search incident thereto, the Government has assumed the burden of showing probable cause to justify the arrest. Authority for this procedure can be found in Cohen v. Norris, 300 F.2d 24, 32 (9th Cir. 1962). See United States v. Rivera, 321 F.2d 704, 708 (2d Cir. 1963); Sobel, Current Problems in the Law of Search & Seizure, at 30 (1964); Selected Materials on New York Criminal Practice, Sobel, Recurrent Problems in Search & Seizure at 2–74, 75 (P.L.I 1965).

proceeding before the Grand Jury in the meantime and if the Grand Jury finds an indictment, no purpose remains for conducting the preliminary hearing before the committing magistrate.

The Court is of the opinion, therefore, that no right of the defendant has been violated by reason of the fact that the hearing before the Commissioner was continued and in the meantime the indictment was found by the Grand Jury.

Motion to dismiss the indictment is denied."

Id. at 437–438. See Byrnes v. United States, 327 F.2d 825, 834 (9th Cir. 1964); United States v. Brace, 192 F.Supp. 714 (D.Md.1961); United States v. Lucas, 13 F.R.D. 177 (D.D.C.1952).

 Accordingly, it would not appear that defendants' rights were violated by reason of the failure to hold a preliminary hearing [3], and the motion is in all respects denied for the reasons set forth above.

So ordered.

3. The decision in Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (D.C. Cir. 1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965)—which apparently motivated the within motion—is not a decision of the Court of Appeals of this circuit and therefore not binding on this Court. See McLeod v. American Fed'n of Television & Radio Artists, 234 F.Supp. 832, 838 (S.D.N.Y. 1964) and cases cited therein, aff'd 351 F.2d 310 (2d Cir. 1965) (Per curiam). This is especially so in view of the decisions of the Court of Appeals for this circuit subsequent to Blue which have reiterated the almost universally followed rule that the return of an indictment constitutes the finding of probable cause which obviates the necessity of thereafter holding a preliminary hearing. See United States v. Heap, 345 F. 2d 170 (2d Cir. 1965); United States v. Gilchrist, 347 F.2d 715 (2d Cir. 1965) (Per curiam).

Moreover, I believe the premise upon which the Blue decision is based, namely, that a defendant has a right to a preliminary hearing for discovery purposes (see 8 Moore, Federal Practice ¶ 5.04 [3] (2d ed. 1965)), to be an incorrect one.

It has often been stated that "[t]he only purpose of a prelimnary hearing is to determine whether there is sufficient evidence against an accused to warrant his being held for action by a grand jury * * *." Barber v. United States, 142 F.2d 805, 807 (4th Cir.), cert. denied, 322 U.S. 741, 64 S.Ct. 1054, 88 L. Ed. 1574 (1944). However, as is obvious, an incidental result of the hearing is discovery by the defendant of some of the Government's evidence. But what the Blue decision in effect accomplishes is to accord to the incidental result of discovery a status equal to that of the primary purpose of the hearing and rights protected by reason of its being conducted, so that even absent the necessity and purpose for a hearing, it nonetheless must be held in order to accomplish the incidental result.

The sum total of the decision, if viewed in this light, is to accord to a defendant indicted after apprehension a right of discovery not available to defendants apprehended after indictment, namely, the right of a preliminary hearing to discover the Government's evidence. Such is not the law either in this circuit or in any other jurisdiction, other than the District of Columbia. See People v. Jackson, 266 N.Y.S.2d 481 (Supreme Court, New York County, per Geller, J.).

In addition, the Blue decision can be very narrowly read so as to be applicable only where the defendant, without the assistance of counsel, waives a preliminary hearing by reason of the failure of the Commissioner to properly advise him of his right to assigned counsel.

In any event, for the reasons hereinbefore noted I choose not to follow the rationale of the Blue decision.

The "statement" by Chief Judge Bazelon in Wilson v. Anderson, 118 U.S.App. D.C. 265, 335 F.2d 687, 688 (1964) is similarly not binding on this Court and, in any event, is inapposite since in the case at bar the defendant Shyvers is free on $12,500 bail and the defendant Motte was released on her own recognizance. (See also statement by Chief Judge Bazelon in Lloyd v. United States, 104 U.S.App.D.C. 48, 259 F.2d 334 (1958)).