**UNITED STATES of America**

v.

**Almars ELKSNIS, Defendant.**

No. 66 Cr. 601.

United States District Court
S. D. New York.

Oct. 6, 1966.

Robert M. Morgenthau, U. S. Atty. for S. D. New York, Paul L. Perito, Asst. U. S. Atty., of counsel, for plaintiff.

Rogge, Wright, Rogge & Wiener, New York City, O. John Rogge, New York City, of counsel, for defendant.

FRANKEL, District Judge.

Defendant was arrested on July 25, 1966, on charges of possessing and pass-

ing counterfeit bills. He was brought, apparently without undue delay, before the United States Commissioner. Assisted by Legal Aid counsel, he was released in $2500 bail, with a preliminary hearing pursuant to Rule 5(c), Fed.R. Crim.P., being set for the afternoon of July 28. On the morning of July 28, before the scheduled hearing by the Commissioner, a grand jury indicted defendant on the charges that had brought about his arrest. Because of the intervening indictment, the preliminary examination by the Commissioner was never held. From the foregoing circumstances, defendant has fashioned a motion to dismiss the indictment upon the grounds (1) that he "was deprived of his right to a preliminary examination before the Commissioner in violation of Rule 5 of the Federal Rules of Criminal Procedure; and (2) that [he] * * * was deprived of his right to request leave of the foreman of the grand jury which returned the indictment for leave to appear before the grand jury and give testimony."

The motion is supported by learned and eloquent argument of able counsel. Nevertheless, it must be denied.

■ The shortest answer to the motion is in recent and controlling precedent. In United States v. Heap, 345 F.2d 170, 171 (2d Cir.1965), reviewing similar contentions arising from a similar procedural history, our Court of Appeals said:

"This procedure was proper, as the function of the preliminary hearing is to establish probable cause for the detention of the defendant, and indictment by the grand jury determined that issue."

See also United States v. Gilchrist, 347 F.2d 715 (2d Cir.1965); United States v. Motte, 251 F.Supp. 601 (S.D.N.Y. 1966). This is not to say that the problem is necessarily simple. Cf. Blue v.

United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964, (1965); 8 Moore, Federal Practice ¶5.04[3] (2d ed. 1965). But cf. Crump v. Anderson, 122 U.S.App.D.C. 173, 352 F.2d 649 (1965). It is to say, however, that defendant's contentions do not present open questions for this court.

■ Defendant's argument that he had a "right to request leave * * * to appear before the grand jury" is not a substantial one. There is no right either to appear before the grand jury or to have the prosecution afford an opportunity to request such an appearance. United States ex rel. McCann v. Thompson, 144 F.2d 604, 605–606, 156 A.L.R. 240 (2d Cir.), cert. denied, 323 U.S. 790, 65 S.Ct. 313, 89 L.Ed. 630 (1944); Duke v. United States, 90 F.2d 840, 841, 112 A.L.R. 317 (4th Cir.) cert. denied, 302 U.S. 685, 58 S.Ct. 33, 82 L.Ed. 528 (1937). Defendant is not helped in this or his other contentions by People v. Lazar, 51 Misc.2d 233, 272 N.Y.S.2d 898 (N.Y.Co.1966), which involved substantially distinguishable facts and, even more importantly, rested upon a New York statutory scheme which differs materially from the governing federal law.

■ A word should be added on defendant's point that if the Commissioner had conducted a preliminary hearing and decided to "hold him to answer" under Rule 5(c), this would have matured his right under Rule 6(b)(1) to challenge the array or any individual grand juror. The argument is tendered as an abstraction. Defendant does not suggest that he had grounds for any challenges. In any event, if he had or has any, they are available as grounds for dismissal under Rule 6(b)(2). United States v. Kenner, 36 F.R.D. 391, 393 (S.D.N.Y.1965).

The motion is denied. So ordered.