**UNITED STATES of America,**

v.

**Nathaniel ROBINSON, Defendant.**

No. 67 Cr. 440.

United States District Court
S. D. New York.
June 26. 1967.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for the United States, by John H. Adams, Asst. U. S. Atty., New York City.

Frederic A. Johnson, New York City, for defendant.

MANSFIELD, District Judge.

The defendant has moved for (1) dismissal of the indictment or, in the alternative, for a preliminary hearing;

(2) inspection of Grand Jury minutes; (3) a bill of particulars; and (4) suppression of evidence seized from the defendant on April 27, 1967.

The indictment, which was filed on May 12, 1967, charges the defendant with unlawful receipt and concealment of 6.10 grams of heroin in violation of 21 U.S.C. §§ 173, 174. The background is as follows:

On April 27, 1967, the defendant was arrested and taken before the United States Commissioner who informed him of his rights, scheduled a preliminary hearing for May 10, 1967, and fixed bail at $5,000, which the defendant posted. On May 10, 1967, the Commissioner adjourned the preliminary hearing for two days, i. e., until May 12, 1967, after the defendant appeared on May 10th with his counsel, who had not yet filed a notice of appearance. On May 11, 1967, the Grand Jury returned the indictment, and on June 8, 1967, the defendant filed the present motion.

■ The motion to dismiss the indictment is denied for the reason that there is no showing of unnecessary delay in the scheduling of the preliminary hearing or that the two-day adjournment caused any harassment or oppression of the defendant or any denial of his rights. He was not detained during the period of the short adjournment, but had been released on bail. It does not appear that he was interrogated or deprived of his right to counsel. On the contrary he was represented by counsel who had apparently failed to file a notice of appearance.

■ The moving papers indicate that defendant's counsel now desires a preliminary hearing in order to obtain a discovery of the Government's evidence, including the identity of any informers or special investigators used by it, and thus be better prepared for defense of the case. The sole purpose of a preliminary hearing, however, is to determine whether there is sufficient evidence to warrant the defendant's detention, and the filing of the indictment conclusively establishes probable cause for such detention, thereby eliminating the necessity for a preliminary hearing. United States v. Heap, 345 F.2d 170 (2d Cir. 1965); United States v. Gilchrist, 347 F.2d 715 (2d Cir. 1965); Vincent v. United States, 337 F.2d 891 (8th Cir. 1964), cert. denied, 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281 (1965). The return by a legally constituted Grand Jury of an indictment valid on its face requires the defendant to stand trial on the charge made against him. Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956). Once a valid indictment is filed, the defendant cannot turn the clock back to the preliminary hearing stage.

■ In the alternative the defendant seeks an order permitting inspection of the minutes of the Grand Jury proceedings that resulted in return of the indictment against him. This motion must be denied as frivolous, in the absence of any showing of particularized need or of any grounds for departure from the traditional secrecy accorded to such minutes. United States v. Weber, 197 F.2d 237 (2d Cir.), cert. denied, 344 U.S. 834, 73 S.Ct. 42, 97 L.Ed. 649 (1952). No facts or circumstances have been offered indicating that the evidence before the Grand Jury was insufficient to warrant a finding of probable cause, or demonstrating some particularized need on the part of the defendant for the minutes.

■ Defendant's motion for a bill of particulars contains 35 items or demands, most of which seek evidence that is not required to be furnished in order to fulfill the function of such a bill, which is to apprise the defendant of the charges against him so that he can prepare his defense, avoid surprise at trial, and be protected against double jeopardy. United States v. Murray, 297 F.2d 812 (2d Cir.), cert. denied, 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962); United

States v. Glaze, 313 F.2d 757 (2d Cir. 1963); United States v. Cimino, 31 F.R.D. 277 (S.D.N.Y.1962), affd., 321 F.2d 509 (2d Cir. 1963), cert. denied, 375 U.S. 974, 84 S.Ct. 491, 11 L.Ed.2d 418 (1964).

The Government has consented to furnish a substantial amount of information in response to 10 of defendant's requests,* including the time and place of the alleged seizure, the identity of the suite or apartment of the building in which the seizure occurred, the names and addresses of the Government or law enforcement officers present at the time of the seizure, whether the arresting officer had a warrant for the arrest of the defendant and a warrant for the search of the premises in which defendant was found, the time when and the place where the heroin was found in the defendant's possession, and the names and addresses of the law enforcement officers present at the time when the heroin was found in the defendant's possession.

■ The charge is a relatively simple and uncomplicated one. Although Rule 7(f) was amended in 1966 to eliminate the requirement of a showing of cause with a view to encouraging a more liberal attitude toward bills of particular, judicial discretion should be exercised to grant particulars only where sound reasons appear. United States v. Leighton, 265 F.Supp. 27 (1967). Here the defendant has failed to set forth any facts, circumstances or reasons calling for the exercise of the Court's discretion to order the Government to furnish the information requested in the 25 items or demands not consented to by it. In the absence of any such showing, the Court is persuaded that the motion, except to the extent consented to, must be denied on the ground that the information requested is not needed to prepare for trial or to avoid surprise or double jeopardy. For instance, defendant's requests for the identity of informers used by the Government (Request Nos. 1 and 2) is denied for the reason that in order to insure the free flow of information needed to secure law enforcement, the public has a strong interest in not disclosing such identity, at least at this stage of the proceedings. United States v. Russ, 362 F.2d 843 (2d Cir. 1966); United States v. Coke, 339 F.2d 183 (2d Cir. 1963); and see McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1474, 18 L.Ed.2d 62 (1967); Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957). Even at trial such information will be furnished only upon a showing that it is needed by the defendant to avoid injustice (as where there is an issue of identity or entrapment, see Russ, supra), and particulars in advance of trial seeking such information have been uniformly denied. United States v. Lebron, 222 F.2d 531 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Cimino, supra; United States v. Wilson, 20 F.R.D. 569 (S.D.N.Y.1957).

■ In essence defendant's requests for the names and identities of other tenants of the apartment involved, the owners and agents of the building, the persons present (other than Government agents or officers) seeks disclosure of evidence and names of witnesses, rather than a delineation of charges or claims, which is the essential function of a bill. Even when full effect is given to the recent liberalization of Rule 7(f), F.R. Crim.P., disclosure of such evidentiary details will not be required. United States v. Lebron, supra; United States v. Cimino, supra; United States v. Brevard, 27 F.R.D. 250 (S.D.N.Y.1961); United States v. Bentvena, 193 F.Supp. 485 (S.D.N.Y.1960); United States v. Casserino, 189 F.Supp. 288 (E.D.N.Y. 1960); United States v. Stromberg, 22 F.R.D. 513 (S.D.N.Y.1957); United

---

* Request Nos. 3–5, 8, 15, 16, 23–25 and 29.

States v. Wilson, 20 F.R.D. 569 (S.D. N.Y.1957).

In view of the Government's willingness to furnish information as to the time when and place where the heroin was found in the possession of the defendant and seized, the balance of defendant's requests are denied not only for the reason that they seek evidentiary data, but because they are duplicative and superfluous.

With respect to defendant's motion to suppress evidence seized from him on April 27, 1967, a hearing will be held by the Court on July 5, 1967, at 2:00 P.M. for the purpose of receiving proof with respect to the issues raised by the parties.

So ordered.