**Michael V. SCIORTINO, Petitioner,**

**v.**

**The Honorable Robert C. ZAMPANO,
United States District Judge,
Respondent.**

**Docket 31677.**

United States Court of Appeals
Second Circuit.

Argued Oct. 2, 1967.

Decided Nov. 3, 1967.

Certiorari Denied Jan. 22, 1968.
See 88 S.Ct. 820.

Jacob D. Zeldes, Bridgeport, Conn. (David Goldstein and L. Douglas Shrader, Bridgeport, Conn., on the brief), for petitioner.

Jon O. Newman, U. S. Atty. for the District of Connecticut, for respondent.

Before FRIENDLY, HAYS and ANDERSON, Circuit Judges.

HAYS, Circuit Judge:

Petitioner seeks an order in the nature of a writ of mandamus directing the district court to order the United States Commissioner to conduct a preliminary examination of petitioner under Rule 5(c) of the Federal Rules of Criminal Procedure.[1] We deny the writ.

Petitioner, a Bridgeport, Connecticut physician, was arrested on June 22,

---

1. Rule 5 * * *

(c) Preliminary Examination. The defendant shall not be called upon to plead. If the defendant waives preliminary examination, the commissioner shall forthwith hold him to answer in the district court. If the defendant does not waive examination, the commissioner shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If from the evidence it appears to the commissioner that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the commissioner shall forthwith hold him to answer in the district court; otherwise the commissioner shall discharge him. The commissioner shall admit the defendant to bail as provided in these rules. After concluding the proceeding the commissioner shall transmit forthwith to the clerk of the district court all papers in the proceeding and any bail taken by him.

1967 upon a commissioner's warrant charging him with the unlawful sale of depressant and stimulant drugs in violation of 21 U.S.C. §§ 331(q) and 360a(b). He was brought before a commissioner, advised of his rights, and admitted to bail. Petitioner's counsel asked the government to agree to a postponement of the preliminary examination until July 11 because his associate, who would be handling the case, was out of the state. The government consented, but announced that it would present the case to a grand jury on July 10 and that, if an indictment was returned, it would contend that the commissioner no longer had power to hold a preliminary hearing.

On July 10 petitioner moved for an order enjoining the United States Attorney from presenting the case to the grand jury. The motion was denied, and later that day the grand jury returned an indictment.

On July 11 the commissioner continued the preliminary hearing until July 24 and, at petitioner's request, issued a subpoena directed to the government's principal witness. Just prior to the scheduled hearing respondent granted the government's motion to quash the subpoena, and the commissioner adjourned the hearing.

Petitioner's principal contention is that the preliminary examination provided by Rule 5(c) of the Federal Rules of Criminal Procedure is intended to serve as a means of discovery for the accused as well as a forum for determining probable cause, so that the need for such an examination is not eliminated by the return of an indictment.

■ There is nothing in the language or the history of Rule 5 to suggest that the preliminary examination has any purpose other than to afford a person arrested upon complaint an opportunity to challenge the existence of probable cause for detaining him or requiring bail. The extensive review of the history of the drafting of Rule 5 contained in 1 Orfield, Criminal Procedure under the Federal Rules, 203–224 (1966), contains not a word to suggest that in the drafting of the rule there was any purpose to provide the accused with a discovery procedure. See also 1 Orfield, Section 5:7, Functions of Preliminary Examination: "But the purpose is not to give discovery, before trial, of the government's case. The indictment plus a bill of particulars is all that the defendant is entitled to."

■■ There is extensive authority in the cases for the proposition that the return of an indictment, which establishes probable cause, eliminates the need for a preliminary examination. In Jaben v. United States, 381 U.S. 214, 220, 85 S.Ct. 1365, 1369, 14 L.Ed.2d 345 (1965) the Supreme Court said:

"[W]e think that the Government must proceed through the further steps of the complaint procedure by affording the defendant a preliminary hearing as required by Rule 5, unless before the preliminary hearing is held, the grand jury supersedes the complaint procedure by returning an indictment."

See to the same effect: United States v. Heap, 345 F.2d 170, 171 (2d Cir. 1965); Rivera v. Government of the Virgin Islands, 375 F.2d 988, 990 (3d Cir. 1967); United States v. Chase, 372 F.2d 453, 467 (4th Cir.), cert. denied, 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626 (1967); Boone v. United States, 280 F.2d 911 (6th Cir. 1960); Vincent v. United States, 337 F.2d 891, 896 (8th Cir. 1964), cert. denied, 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281 (1965); Byrnes v. United States, 327 F.2d 825, 834 (9th Cir.), cert. denied, 377 U.S. 970, 84 S.Ct. 1652, 12 L.Ed.2d 739 (1964).

A post-indictment preliminary examination would be an empty ritual, as the government's burden of showing probable cause would be met merely by offering the indictment. Even if the commissioner disagreed with the grand jury, he could not undermine the authority of its finding.

Petitioner relies on the recent decision of the Court of Appeals for the District of Columbia Circuit in Ross v. Sirica, 380 F.2d 557 (D.C.Cir. 1967). Ross was indicted following a preliminary examination at which his right to subpoena witnesses had been unduly curtailed, and he sought a writ in the nature of mandamus ordering a second preliminary examination. The court held that a second preliminary examination was required in spite of the intervening indictment.

We cannot agree to elevating into a right to be enjoyed by an accused the pure fortuity that where a preliminary hearing is held there is necessarily some discovery of the government's evidence. It is quite clear from the logic as well as the history of the procedure that discovery is *not* one of its purposes. It defies logic, for example, to allow such discovery to defendants who happen to be arrested before indictment and to deny it to those who are arrested after indictment.

The subject of discovery in criminal cases received a great deal of attention at the hands of those responsible for the original preparation of the Federal Rules and their recent amendment. See Orfield, op. cit. supra; Symposium, Discovery in Criminal Cases, 33 F.R.D. 47 (1963); Comment, Federal Rules of Criminal Procedure—Rule 16, Second Preliminary Draft of Proposed Amendments—Use of Protective Orders as a Safeguard in Broadened Criminal Discovery, 113 U.Pa.L.Rev. 1295 (1965); Fontana, Discovery in Criminal Cases—A Survey of the Proposed Rule Changes, 25 Maryland L.Rev. 212 (1965); Rezneck, The New Federal Rules of Criminal Procedure, 54 Geo.L.J. 1276 (1966). It is most unlikely that having provided carefully for a limited discovery in Rules 7(f), 16 and 17.1 the draftsmen intended that the discovery adventitiously attach-

ed to the preliminary hearing should constitute a further right of the accused.[2]

As a matter of fact, not only have the views of the District of Columbia not found favor in any other circuit, but the reasoning on which the panel of the court in *Ross* relied lacks the support of a majority of the judges of the circuit. In the case of Crump v. Anderson, 122 U.S. App.D.C. 173, 352 F.2d 649 (1965) another panel rejected that reasoning. Moreover, in stating their positions on an application for rehearing in *Ross* three judges of the court expressed themselves as being in disagreement with the decision and two more said that they agreed with the government that supplementary hearings were not available purely as discovery, but added "we also believe they may be available in case of serious defect in the [original] preliminary hearing." Thus five of the nine judges of the District of Columbia Circuit would apparently not hold that *Ross* governs the present petition.

In any event adoption of the *Ross* rule in this circuit is foreclosed by our decisions in United States v. Aiken, 373 F.2d 294 (2d Cir.), cert. denied, 389 U.S. 833, 88 S.Ct. 32, 19 L.Ed.2d 93 (October 9, 1967); United States v. Gilchrist, 347 F.2d 715 (2d Cir. 1965); and United States v. Heap, 345 F.2d 170 (2d Cir. 1965).

█ Petitioner also contends that there is a constitutional right to a preliminary hearing. This claim is without foundation. See, e. g., Goldsby v. United States, 160 U.S. 70, 73, 16 S.Ct. 216, 40 L.Ed. 343 (1895); Dillard v. Bomar, 342 F.2d 789, 790–791 (6th Cir.), cert. denied, 382 U.S. 883, 86 S.Ct. 176, 15 L. Ed. 123 (1965) (citing many cases). See also United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 400, 55 S.Ct. 781, 79 L.Ed. 1501 (1935).

Petition denied.

---

**2.** Those who advocate broadening the scope of discovery in criminal cases do not suggest expanding the functions of the preliminary hearing as a means of accomplishing this result. See 113 Cong. Rec. 1883, 1885 (Daily ed., Feb. 9, 1967)

(Statement of Senator Tydings), quoted in Ross v. Sirica, 380 F.2d 557, 562, 564–565, (D.C.Cir.1967) (Statement of Circuit Judges McGowan and Leventhal As to Why They Vote To Deny Rehearing *En Banc*).