**UNITED STATES of America**

v.

**James M. BARONE, Richard Edward Henkel, Calvin James Kelly, Samuel Salvatore Tedesco, Mary Jane Blystone.**

**Crim. Nos. 69–133, 144.**

United States District Court,
W. D. Pennsylvania.
March 31, 1970.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for plaintiff.

David O'Hanesian, Pittsburgh, Pa., for defendant Henkel.

## OPINION

ROSENBERG, District Judge.

A series of motions have been presented by counsel in behalf of Richard E. Henkel, one of the defendants in the above entitled case. For the purpose of making a determination on the motions of defendant, Henkel, certain facts are here recited as they relate to this defendant. A complaint was filed on April 18, 1969 before the United States Commissioner as supported by an affidavit of an agent of the F.B.I. On April 21st a bond was ordered and on April 28th a bond was posted for appearance before the Commissioner or the District Court. On June 18, 1969, the grand jury presented an eight-count indictment against this defendant and others on the charges as contained in the information made before the Commissioner for the procurement of a warrant for arrest. The counts are based upon charges of criminal violations as of January 18, 1969 and January 24, 1969. The defendant Henkel appeared with counsel for the arraignment on August 7, 1969 and pleaded not guilty.

### MOTION FOR PRELIMINARY HEARING

In his motion for a preliminary hearing, counsel for the defendant Henkel asserts that the then defendant's counsel, Ronald N. Watzman, on April 7, 1969, sent a written request for a preliminary hearing to the United States Commissioner Alexander N. McNaugher, but that the government ignored his request and secured an indictment on June 18, 1969; that this foreclosed the defendant's right to cross-examine the witnesses against him at the preliminary hearing; that on a second occasion, he was charged with another violation and taken before the United States Commissioner when the defendant again requested a preliminary hearing; that the defendant's request was ignored; and that the government secured another indictment against the defendant.

The argument is that the defendant was deprived of his right to cross-examine witnesses against him at the preliminary hearing. Counsel for the defendant misinterprets the functions of the Commissioner under Federal Rule of

Criminal Procedure 5 and of the defendant's rights in connection with the duties of the United States Commissioner.

Rule 5 subsection (b) relates to the statement to be made by the United States Commissioner so as to inform the defendant of the complaint against him and of any affidavits filed therewith; of his right to retain counsel; of his right to request the assignment of counsel; and of his right to have a preliminary examination. He also informs the defendant that he is not required to make a statement and that any statement made by him may be used against him, and of his right to consult counsel within a reasonable time and further, he is required to admit the defendant to bail as provided in the Rules.

Rule 5 subsection (c) provides that the defendant shall not be called upon to plead, and if the defendant waives a preliminary examination, the Commissioner is required to hold him to answer in the district court, and if the defendant does not waive examination, the Commissioner is then required to hear the evidence within a reasonable time, at which time the witnesses are subject to cross-examination, and the defendant may introduce evidence in his own behalf. Thereupon the Commissioner is required to ascertain whether there is probable cause to hold him on the charges for which he has been brought before the Commissioner, and he is further required to admit the defendant to bail as provided in the Rules. Thereafter the Commissioner is required to transmit all papers to the Clerk of Court.

█ Rule 5 does not vest a defendant with a constitutional right to a preliminary examination. The law only requires that a defendant be granted a preliminary hearing before a Commissioner, *or* that the grand jury return an indictment against him. As the Supreme Court stated in Jaben v. United States, 381 U.S. 214, 220, 85 S.Ct. 1365, 1369, 14 L.Ed.2d 345 (1965) rehearing denied 382 U.S. 873, 86 S.Ct. 19, 15 L.Ed.2d 114 (1965):

"* * * we think that the Government must proceed through the further steps of the complaint procedure by affording the defendant a preliminary hearing as required by Rule 5, unless before the preliminary hearing is held, the grand jury supersedes the complaint procedure by returning an indictment. This interpretation of the statute reflects its purpose by insuring that within a reasonable time following the filing of the complaint, either the Commissioner will decide whether there is sufficient cause to bind the defendant over for grand jury action, or the grand jury itself will have decided whether or not to indict."

█ The return of an indictment by the grand jury obviates the necessity for a hearing by a magistrate. United States v. Gross, 416 F.2d 1205, C.A. 8, 1969; Austin v. United States, 408 F.2d 808, C.A. 9, 1969; Sciortino v. Zampano, 385 F.2d 132, C.A. 2, 1967; cert. den. 390 U.S. 906, 88 S.Ct. 820, 19 L.Ed. 2d 872 (1968); Crump v. Anderson, 122 U.S.App.D.C. 173, 352 F.2d 649, 1965. Although the appearance before the United States Commissioner may afford a certain amount of examination before the trial of an accused, its principal purpose is for the ascertainment of whether probable cause exists for the holding of a defendant for prosecution in the district court. That situation did not exist here. The grand jury took the matter out of the Commissioner's control when the indictment was filed against this defendant. In any event the indictment would have muted any necessity for holding preliminary examinations. United States v. Gross, *supra;* Austin v. United States, *supra;* Grant v. United States, 406 F.2d 1295, C.A. 5, 1969; Sciortino v. Zampano, *supra.* Any possible error in a denial to a defendant of his right to a preliminary hearing is cured by a subsequent indictment of the accused. Grant v. United States, *supra.* A return of the indictment by the grand jury resolves the question of probable cause which a Commissioner would be

required to determine. It thereby eliminates the necessity for any preliminary examination. United States v. Gross, *supra;* Austin v. United States, *supra;* Grant v. United States, *supra;* Sciortino v. Zampano, *supra.*

Circuit Judge Burger, now the Chief Justice, said this at page 338 in Footnote 2a in Goldsmith v. United States, 107 U.S.App.D.C. 305, 277 F.2d 335, 1960:

"We have used here the terminology into which the courts and the bar have drifted over a period of years, which inaccurately describes as an 'arraignment' the 'Appearance before the Commissioner' under Rule 5, Fed.R. Crim.P. The hearing called for by Rule 5 is *not* an 'arraignment' but a preliminary examination of the arrested person. Rule 5(a) commands the police to take the person 'without unnecessary delay before the nearest available commissioner'; Rule 5(b) requires that the person must be informed of the complaint against him and be warned of his right to counsel, to remain silent and other rights.

The purpose of this preliminary examination is also to have a judicial determination as to whether the person should be held. He is not then called to plead. If the arrest is without a warrant * * *, a complaint must be filed at once, *i. e.* at the hearing. The terminology of describing this first step after arrest and 'booking' as an *arraignment* traces back many years. In Mallory v. United States, 1957, 354 U.S. 449, 454, 77 S.Ct. 1356, 1359, 1 L.Ed.2d 1479, the Court said: 'The next step [after arrest and booking] in the proceeding is to *arraign* the arrested person before a judicial officer as quickly as possible so that he may be advised of his rights * *.' (Emphasis added) Whatever terminology is used it is important to be aware of the significant distinction between a true arraignment under Rule 10, which comes only *after* the indictment or information, and the earlier process under Rule 5, which, as we

have noted, is a *preliminary examination* and the occasion for judicial warnings as to his rights. Cf. Anderson v. United States, 1943, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829; Mallory v. United States, *supra.*"

Judge Maris of our Court of Appeals for the Third Circuit in Rivera v. Government of Virgin Islands, 375 F.2d 988, 1967, referred to the pertinent question, here raised by the defendant, and demonstrated that Rule 123 of the Virgin Islands municipal court paralleled Rule 5 of the Federal Rules of Criminal Procedure. At page 990, Judge Maris said:

"In the Virgin Islands the municipal court performs the functions of a United States commissioner with respect to the holding of a preliminary hearing in the case of a person who has been arrested charged with a crime cognizable by the district court. In this respect Rule 123 parallels Rule 5 of the Federal Rules of Criminal Procedure and supplies the procedure for the municipal court which Rule 5 provides for United States commissioners.[1] The purpose of such a hear-

1. Rule 5 of the Federal Rules of Criminal Procedure does not apply to proceedings for a preliminary hearing in the Municipal Court of the Virgin Islands. Rule 54(a) (2), F.R.Cr.P. Compare 18 U.S.C. § 3041. In Government of Virgin Islands v. Solis, 3 Cir. 1964, 334 F.2d 517, 4 V.I. 615, the precise question here involved was not presented to or considered by this court since the provisions of Rule 5 of the Federal Rules of Criminal Procedure and Rule 123 of the Rules Governing the Municipal Court of the Virgin Islands, which were involved in that case, were identical.

ing before a United States commissioner is to afford the arrested person a prompt determination as to whether there is probable cause for his being held for the action of the grand jury or for trial in the district court if the prosecution is to be by information. But the grand jury is free to return an indictment against a person accused of crime before he has had a preliminary hearing, or even be-

fore he has been arrested, in which case there is no right to or need for a preliminary hearing, United States ex rel. Bogish v. Tees, 3 Cir. 1954, 211 F.2d 69, 72, since a person accused of crime by indictment is not entitled to a hearing in advance of trial. United States ex rel. Kassin v. Mulligan, 1935, 295 U.S. 396, 400, 55 S.Ct. 781, 79 L. Ed. 1501; Goldsby v. United States, 1895, 160 U.S. 70, 73, 16 S.Ct. 216, 40 L.Ed. 343."

Accordingly, the defendant's motion for a preliminary hearing, in any event being moot, is here denied.

## MOTION TO DISMISS INDICTMENT

The defendant here seeks the dismissal of the indictment on the basis that he was not permitted to challenge the array of grand jurors before indictment. In support of his motion, the defendant alleges that the grand jury was not selected, drawn or summoned in accordance with law. The defendant relies upon subsection (b) of Federal Rule of Criminal Procedure 6 which states as follows:

"(b) Objections to Grand Jury and to Grand Jurors.

(1) Challenges. The attorney for the government or a defendant who has been held to answer in the district court may challenge the array of jurors on the ground that the grand jury was not selected, drawn or summoned in accordance with law, and may challenge an individual juror on the ground that the juror is not legally qualified. Challenges shall be made before the administration of the oath to the jurors and shall be tried by the court.

(2) Motion to Dismiss. A motion to dismiss the indictment may be based on objections to the array or on the lack of legal qualification of an individual juror, if not previously determined upon challenge. An indictment shall not be dismissed on the ground that one or more members of the grand jury were not legally qualified if it appears from the record kept pursuant to subdivision (c) of this rule that 12 or more jurors, after deducting the number not legally qualified, concurred in finding the indictment."

■ It must be remembered that the grand jury indicts individuals for violations of various laws. Many of these individuals possess no privilege of being brought before a United States Commissioner or magistrate by the preliminary processes of arrest warrants. The grand jurors are enabled by our system of law to indict individuals without any notice whatsoever. United States v. Lewis, 192 F. 633, D.C.Mo., 1911. It would be absurd to say that the individuals so indicted should be able to avail themselves of the provisions contained in Rule 6 and have the right to challenge the array of grand jurors. The Rule by its own words must be held to apply only in the case of a defendant "who has been held to answer in the district court." United States v. Elksnis, 259 F.Supp. 236 (S.D.N.Y., 1966)

■ Had the defendant in this case been held by the Commissioner for the grand jury in accordance with the provisions contained in Rule 5, he would have been entitled to challenge the array of jurors in accordance with the provisions contained in Rule 6(b). The fact of the matter is, and of this I take judicial notice, that a part of the operation of the United States District Court for the Western District of Pennsylvania, was the drawing of the grand jury which eventually indicted the defendant, after publication in the Pittsburgh Legal Journal on December 16, 1968, and in the Erie Law Journal the week of December 15, 1968, indicating where and when the drawing of a grand jury was to be publicly made.

■ Under subsection (b) (2) of Rule 6, the defendant was not foreclosed from objecting to the array or on the lack of legal qualifications of an individual juror. This is evidently the procedure adopted by the defendant in his motion for the dismissal of the indictment. But

the motion, as it is stated, sets forth no basis or sound reason why the indictment should be dismissed. The motion contains no allegation of facts which would warrant a dismissal of the indictment, or that any member of the grand jury was not legally qualified.

The motion, accordingly, will be dismissed.

### MOTION FOR BILL OF PARTICULARS

 The defendant requests a bill of particulars on both indictments, Criminal No. 69–133 and Criminal No. 69–144, for the reasons, as he asserts, "the indictments, as drawn are so broad that the defendant may be taken by surprise by the evidence offered at the trial and the defendant will not be protected against another prosecution for the same offense."

An examination of the eight counts in the indictment at Criminal No. 69–133 sets forth a set of circumstances which are unequivocal and specific as to the date, the action and particular violations of the section and title of the United States Code. The two counts of the indictment at Criminal No. 69–144 are unequivocal and specific as to the date, persons, places and violations and actions or conduct as violate the particular section and title of the United States Code.

The motion as made is without basis and will be denied.

### MOTION TO SUPPRESS PHYSICAL EVIDENCE

This motion seeks to suppress two receipts, No. CA051, dated February 19, 1969 and No. C4023, dated June 20, 1968, issued by the Johnson Welding Supply Company, Inc.

At page 7 of the brief on behalf of the government, the United States Attorney states the following: "An inquiry by the government has revealed that the seized materials do not tend to prove defendant's guilt in the alleged crime, and for that reason the govern-ment has no objection to an order requiring return of receipts No. CA051 and No. C4023 issued by the Johnson Welding Company."

The motion to suppress the receipts will be allowed.

### MOTION FOR SEVERANCE

The defendant Henkel's motion for severance contends that certain statements may be made by Henkel's co-defendants which would be admissible against him and which would prejudice this defendant.

Since I do not have sufficient information before me as relates to this matter, it might be better left to the trial judge for consideration.

Accordingly this motion for severance will be dismissed without prejudice.