Eugene **SPURLOCK**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17225.

United States Court of Appeals Ninth Circuit.

Sept. 12, 1961.

Rehearing Denied Dec. 28, 1961.

George Van Hoomissen and Edward N. Murphy, Portland, Or., for appellant.

C. E. Luckey, U. S. Atty., Joseph E. Buley, Asst. U. S. Atty., Portland, Or., for appellee.

Before HAMLIN, MERRILL and KOELSCH, Circuit Judges.

MERRILL, Circuit Judge.

Appellant was arrested without warrant by federal narcotics agents on February 25, 1960, at the Portland, Oregon, airport after arriving there by airplane. He was then searched and a quantity of narcotic drugs was recovered from his possession. A motion to suppress evidence was denied. He was tried and found guilty, the narcotics recovered by the search being introduced in evidence over his objection. Upon this appeal from judgment of conviction appellant contends that the arrest was made without probable cause and that the search and seizure were unlawful since they were not incidental to a lawful arrest.

This contention we must reject upon the authority of Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed. 2d 327. In that case probable cause was supplied by a special employee of the Bureau of Narcotics at Denver who had previously given accurate and reliable information to the federal narcotics agents. The informant told the agent that the defendant had taken up residence in Denver and was supplying narcotics to several addicts in that city. Later the informant told the agent that the defendant had gone to Chicago by train to secure heroin and that he would return with a supply of the drug on the following morning or the morning of the next day. He furnished a detailed description of the defendant, of the clothing he was wearing, that he would be carrying a tan zipper bag and that he habitually walked fast. On the morning of the second day, officers observed a person meeting the description arrive by train. He was arrested and searched and found to be in possession of narcotics. It was held that there was probable cause for arrest and that the search and seizure were lawful. The court, 358 U.S. at page 313, 79 S.Ct. at page 333, quoted from two earlier cases of the Supreme Court:

" 'In dealing with probable cause, * * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' Brinegar v. United States, supra, [338 U.S. 160] at 175 [69 S.Ct. 1302, 1310, 93 L.Ed. 1879]. Probable cause exists where 'the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162 [45 S.Ct. 280, 288, 69 L.Ed. 543]."

In Jones v. United States, 1960, 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed. 2d 697, the court referred to the Draper case in the following language:

"In testing the sufficiency of probable cause for an officer's action even without a warrant, we have held that he may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge. Draper v. United States, 358 U.S. 307 [79 S.Ct. 329, 3 L.Ed.2d 327]. We there upheld an arrest without a warrant solely upon an informant's statement that the defendant was peddling narcotics, as corroborated by the fact that the informant's description of the defendant's appearance, and of where he would be on a given morning (matters in themselves totally innocuous) agreed with the officer's observations."

In the case before us appellant was personally known to the narcotics agents. The bureau also was acquainted with a Myrtle Cutchlow, who had previously informed officers of her source of narcotics in Tia Juana, Mexico, and of the method she employed in having them delivered to her across the border in San Diego. From various addicts the agent secured information that appellant was in Portland and was furnishing drugs to peddlers. On or about February 21 or 22, appellant and Cutchlow were located together at a motel. On February 24 a check of phone records revealed calls from the unit they were occupying to Cutchlow's source in Tia Juana and to a motel in San Diego. Although a watch was kept at the motel, appellant could not be located there on February 24. Information that appellant had left Portland to secure narcotics was given to the officers by an informer who had previously proved reliable. The informant gave as the source of his information a statement to him by an addict known to the

agents and who had previously stated to them that he had been in the narcotics traffic with appellant.

Appellant contends that we are here dealing with hearsay upon hearsay and that Draper does not cover such a situation. The question is whether the information thus supplied, corroborated by facts and circumstances within the knowledge of the officers, was sufficient to warrant a man of reasonable caution in believing that an offense had been or was being committed. In our judgment, it was.

The arrest then was made upon probable cause and the search and seizure were lawful.

Arrest without warrant is authorized by 26 U.S.C. § 7607, which provides that officers of the bureau may "make arrests without warrant for violations of any law of the United States relating to narcotic drugs * * * where the violation is committed in the presence of the person making the arrest or where such person has reasonable grounds to believe that the person to be arrested has committed or is committing such violation."

Appellant contends that that statute violates the Fourth Amendment of the United States Constitution in its application to the facts of this case, since here, appellant asserts, the district court has found as fact that there was time to secure a warrant prior to arrest.

The "finding" came through the judge's interruption of the examination of a witness respecting the sufficiency of time for securing a warrant. The record shows the following:

"Q. Mr. Windham, why did you not secure a warrant for the arrest of the defendant? A. Well, we didn't know how much time we had, for one thing. Another was that we didn't think that it was legally necessary.

"Q. You have more than one person in your office, do you not, who can secure a warrant? A. There are two.

"Q. How many officers were present at the time Mr. Spurlock was arrested? A. Three.

"Q. Was there not sufficient time for one * * *

"The Court: I am going to hold that there was sufficient time if they wanted to, but the question is whether the arrest was lawful and whether the search was an incident of the lawful arrest. That is the question."

It is not clear to us just what the judge meant by his statement; nor are we sure just what appellant is contending here or what his construction of the judge's "finding" is. Appellant may be saying, "You had time before you arrested me to get a warrant." On the other hand, he may be saying, "You didn't have to arrest me when you did. You could have secured a warrant and arrested me later."

If his position is the former and that the judge so found, then in our view such a finding would be clearly erroneous and the constitutional question would not be reached.

■■ There simply was no sufficient time lapse (to permit the securing of a warrant) between the occurrence of the facts establishing probable cause and the point at which appellant was arrested. The very fact that appellant arrived as and when he did (as was the case in Draper) was an important factor in the existence of probable cause. To say that the officers should have had a warrant waiting for appellant is (unless it be conceded that probable cause existed prior to appellant's arrival) to say that they should have secured a warrant in anticipation that probable cause would subsequently be established. Warrants do not issue under such circumstances.

■ If appellant's position is that the officers should have deferred arrest until after a warrant had been secured, we note that in the case of narcotic violations, immediate arrest and search are frequently necessary if proof of violation is not to be lost. The statute, in

our view, expresses a legislative judgment that, probable cause being present, immediate arrests are desirable in narcotics cases and that the requiring of a warrant under such circumstances as we find here is not in the public interest if arrest must thereby be deferred. We cannot say that such special attention to the peculiar problems of narcotic violations is without justification. In our judgment, constitutional rights are not violated by the statute.

Affirmed.