**Jack ROSE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17947.**

United States Court of Appeals
Ninth Circuit.

Jan. 24, 1963.

Rehearing Denied Feb. 27, 1963.

Raymond E. Brown, Seattle, Wash., for appellant.

Brockman Adams, U. S. Atty., Douglas M. Fryer and Thomas H. Brucker, Asst. U. S. Attys., Seattle, Wash., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

This appeal is taken from judgment of conviction of the violation of federal narcotics laws (21 U.S.C. § 174; 26 U.S.C. § 4704(a)) following trial without a jury before the district court of the Western District of Washington, Northern Division.

Appellant asserts error in the refusal of the district court to suppress as evidence a container of narcotics. Appellant contends that this evidence was secured as the result of an unlawful search and seizure, since no search warrant had been secured and there was no probable cause for the arrest incident to which the search was made.

In our judgment, there was probable cause for the arrest and it was not

error to refuse to suppress the tendered evidence.

The arrest took place August 4, 1961, in the Seattle hotel room of one Logan, an informer and special employee of the Bureau of Narcotics. He had summoned two federal narcotics agents to his room with the information that appellant had advised that he would shortly deliver narcotics to that room. Logan was handcuffed and seated against a wall. The room, including a closet, was thoroughly searched and no narcotics were found. When appellant appeared, he was seized by the agents. During the ensuing scuffle, one agent saw a yellow object drop to the floor from the vicinity of appellant's hands. Logan made the same observation. Appellant was searched and no narcotics were found on his person. The room was then searched and also the closet. A yellow container of narcotics was found on the floor of the closet. The door of the closet had been closed, but between the door bottom and the floor was an opening of from one and one-half to two inches, sufficient to permit the object to roll into the closet during the scuffle.

The district court found that Logan was a reliable informer; that there was basis for crediting his tip and that probable cause existed for the arrest. We agree.

Appellant was known to the two federal agents and was known by them to associate with narcotics violators and to frequent locations also frequented by known violators. He had been under observation by the bureau from time to time and had made statements to an undercover agent indicating that he could make delivery of narcotics. Logan was known to the bureau as a reliable informer and had furnished information on two previous occasions leading to arrest and seizure of narcotics.

The informer's reliability and the corroboration of his tips afforded by the fact that appellant appeared at the indicated time and place were sufficient to constitute probable cause. See Jones v. United States, 1960, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697; Draper v. United States, 1959, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327; Spurlock v. United States, 9 Cir., 1961, 295 F.2d 387, 388–389; Rodgers v. United States, 9 Cir., 1959, 267 F.2d 79, 84–88.

█ Appellant further asserts that in any event the agents should have come armed with a search warrant since there was ample time to secure one and that failing to do so violated his rights under the Fourth Amendment. We can not agree that there was ample time between the tip and the arrest. The tip came between 10:30 and 11:30. The arrest took place at approximately 12:20. In any event, however, as in Spurlock v. United States, supra, the fact that appellant arrived as and when he did was a fact contributing importantly to probable cause. "To say that the officers should have had a warrant waiting for appellant is (unless it be conceded that probable cause existed prior to appellant's arrival) to say that they should have secured a warrant in anticipation that probable cause would subsequently be established. Warrants do not issue under such circumstances." Spurlock v. United States, supra, 295 F.2d at page 389.

Appellant points out that although the room was searched prior to his appearance, Logan was not searched. He asserts that the container of narcotics could have come from Logan as easily as from him and that under these circumstances there was insufficient evidence to sustain the finding of guilt.

█ We cannot agree. The court found credible the testimony of Logan and the federal agent as to the source of the container.

Judgment affirmed.