**S. D. HUNTINGTON, Petitioner-Appellant,**

v.

**STATE OF MICHIGAN et al., Respondents-Appellees.**

**No. 15559.**

United States Court of Appeals Sixth Circuit.

July 30, 1964.

James W. Hengelbrok, Cincinnati, Ohio, for petitioner-appellant.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Donald T. Kane, Asst. Atty. Gen., Lansing, Mich., for respondents-appellees.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and GRAY, District Judge.

PER CURIAM.

This appeal is from an order of the District Court denying appellant's application for a Writ of Habeas Corpus.

He was convicted in the state court in Michigan in 1956 of the offense of unarmed robbery. A supplemental information was filed against him under a Michigan statute which authorized imposition of a life sentence if he had four felony convictions. MSA § 28.1084, 1954 Rev.Vol., Comp.Laws 1948, § 769.12. The information charged seven felony convictions in the years 1922, 1923, 1925, 1931, 1951 and 1956. Counsel was appointed for him by the court. He was tried and convicted by a jury and sentenced to life imprisonment.

In the District Court, he attacked only the 1931 conviction. The District Judge ruled that even if this conviction was vulnerable there were six other convictions which remained and only four were required.

In this Court, he has attacked other convictions. His counsel appointed by this Court contends that the Michigan statute was unconstitutional as an *ex post facto* law if applied to convictions prior to its passage.

■ We do not consider here issues as to the validity of convictions raised for the first time on appeal which were not presented or considered by the District Court. We are advised that these new issues were never presented to the Michigan courts.

Appellant had full opportunity when tried on the supplemental information to question any of his prior convictions. He did not do so. The state afforded him an adequate remedy which he did not invoke.

■ The Michigan Supreme Court has twice upheld the constitutionality of the statute under which appellant was convicted. In re Brazel, 293 Mich. 632, 292 N.W. 664; People v. Palm, 245 Mich. 396, 223 N.W. 67. In our opinion, the constitutional rights of appellant were not violated.

The judgment of the District Court is affirmed.