Leon **SEBRING**, Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Appellee.

No. 22003.

United States Court of Appeals
Fifth Circuit.

Jan. 11, 1966.

Leon Sebring, Huntsville, Tex., for appellant.

Sam R. Wilson, Asst. Atty. Gen., Houston, Tex., Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., Stanton Stone, Executive Asst. Atty. Gen., Howard M. Fender, Allo B. Crow, Jr., Asst. Attys. Gen., Austin, Tex., for appellee.

Before RIVES, BROWN and MOORE,* Circuit Judges.

PER CURIAM.

In 1953, Sebring was indicted for raping a five-year-old girl. The judge of

---

* Of the Second Circuit, sitting by designation.

the 124th District Court, Gregg County, Texas, appointed three lawyers to represent the defendant. The jury found Sebring guilty and assessed punishment at ninety-nine years' imprisonment. He was convicted and sentenced to a term of from five to ninety-nine years. No appeal was taken.

After exhausting his state remedies, Sebring petitioned the United States District Court for a writ of habeas corpus, alleging that he had not had effective assistance of counsel and that he had been denied his right to confrontation by adverse witnesses. After a hearing in which Sebring was represented by assigned counsel, the District Court held that Sebring had had effective assistance of counsel at every material step in the proceedings against him and had not been deprived of any right to confrontation. The petition was accordingly denied.

■ Sebring does not challenge the trial judge's finding that he was not denied the right to confrontation. The witnesses for the prosecution testified in court, not by deposition, and were subject to cross-examination by defense counsel. Judge Ingraham's finding that there was no denial of any right to confrontation is amply supported by the record.

■ The record also supports the conclusion of the District Court that Sebring was effectively represented by counsel throughout the proceedings against him. The decision not to send the younger two of the three lawyers representing Sebring to the scene of the crime was reasonable, in light of the desire of the defense not to inflame the neighbors against the defendant. The presentation of defense witnesses at trial in no way suggests that Sebring's legal representation was inade-

quate. The defense called three witnesses. Sebring's lawyers wisely refused to let Sebring himself testify, since Sebring had previous convictions for sexual offenses. Sebring alleges that three other witnesses should have been called for the defense; but Sebring did not tell his lawyers about the possibility of favorable testimony from one of the three until the trial was over, and did not mention the second until the day of the trial. The third was the little girl herself, whose very presence could have prejudiced the jury against Sebring.

Nor was Sebring's representation inadequate because the most experienced of his three assigned attorneys (a lawyer with many years of criminal defense practice) was too ill to sum up. Sebring's senior attorney had already shaped the strategy of the defense, and the more experienced of the two lawyers who summed up for Sebring had practiced law for some nine months.

Finally, the District Court could reasonably conclude from the evidence before it that the failure to appeal came from fear of the death penalty which might be the result of a new trial, rather than from inadequacy of counsel.

■ We need not consider at this time Sebring's allegations of unlawful arrest and prolonged detention before arraignment since these allegations did not appear in his petition to the District Court. McCutcheon v. Beto, 327 F.2d 228 (5th Cir. 1964); United States ex rel. Long v. Bundle, 327 F.2d 495 (3d Cir.), cert. denied, 377 U.S. 957, 84 S.Ct. 1638, 12 L.Ed.2d 501 (1964); Huntington v. State of Michigan, 334 F.2d 615 (6th Cir. 1964).

Affirmed.