**UNITED STATES of America,
Appellee,**

v.

**Ralph Cooper JAMISON, Appellant.**

**No. 372, Docket 31940.**

United States Court of Appeals
Second Circuit.

Argued April 2, 1968.

Decided May 21, 1968.

Joseph Stone, of Stone & Diller, New York City, for appellant.

Sterling Johnson, Jr., Asst. U. S. Atty. for the Southern District of New York (Robert M. Morgenthau, U. S. Atty., Paul B. Galvani and Pierre N.

Leval, Asst. U. S. Attys., on the brief), for appellee.

Before MOORE, WOODBURY * and SMITH, Circuit Judges.

PER CURIAM:

Ralph Cooper Jamison was convicted of violation of the federal narcotics laws, 21 U.S.C. §§ 173, 174, on trial to the court in the Southern District of New York, Edward Weinfeld, *Judge*, jury waived, and appeals. We find no error and affirm the judgment.

Acting on information that Jamison, introduced to a narcotics agent on September 20, 1965 by an informant, had then made a sale and delivery of heroin to the agent, and on information from another reliable informant of Jamison's narcotics activity, other narcotics agents on October 29, 1965, saw Jamison driving a car, stopped him, arrested him for the September 20 sale and searched the car, finding over 200 grams of heroin in the glove compartment. A suppression hearing was held before Judge Weinfeld, who denied the motion for suppression. By stipulation the appellant was then tried before Judge Weinfeld, jury being waived, on the evidence already received at the suppression hearing, on a two-count indictment charging offenses on September 20 and October 29, 1965.

The government having declined to produce the informant who had introduced Jamison to the agent on September 20, the Court found Jamison not guilty on the first count, but guilty on the second count. The evidence on the second count was amply sufficient to support the conviction, and there was no infirmity in its admission into evidence. The arrest on October 29 was based on "reasonable grounds," 26 U.S.C. § 7607 (2), to believe Jamison had committed an offense on September 20, even though later not found sufficient to establish guilt beyond a reasonable doubt. The agents therefore had the right to search the car as incidental to the arrest. United States v. Santiago, 327 F.2d 573 (2 Cir. 1964). The search turned up sufficient evidence to support the conviction on the second count for the October 29 violation. The judgment is affirmed.

---

* Of the First Circuit, sitting by designation.