UNITED STATES of America,
Appellee,

v.

Marcello VIVERO and Ceferino Gordon,
Appellants.

Nos. 466–467, Docket 32341–32342.

United States Court of Appeals
Second Circuit.

Argued March 26, 1969.

Decided June 24, 1969.

Raymond Bernhard Grunewald, Asst. U. S. Atty., Vincent T. McCarthy, U. S. Atty., for appellee.

Theodore Krieger, Albert J. Krieger, New York City, for appellants.

Before WATERMAN, MOORE and FRIENDLY, Circuit Judges.

PER CURIAM:

After a jury trial appellants Vivero and Gordon were convicted on four counts of having committed the crimes of importing, receiving, concealing, and facilitating the transportation of approximately two kilograms of cocaine, in violation of 21 U.S.C. § 174. Appellant Vivero was sentenced to ten years im-

prisonment, and appellant Gordon to twelve years imprisonment, on each of the four counts, the terms to run concurrently. They appeal their convictions and, upon appeal, challenge as a denial of their right to a fair trial the propriety of the admission into evidence of certain collateral testimony, and also the propriety of the admission against them of certain evidence taken from the persons of third parties who were in the company of appellants.

Acting on information received from an informer and other reliable sources, agents of the Federal Bureau of Narcotics and a Customs agent arrested and searched appellants and two "mules"[1] as they left Kennedy International Airport. All four of these individuals had just deplaned from an airplane arriving from Colombia, which had stopped at the intermediate point of Miami. The "mules" were found to be in possession of the kilograms of cocaine involved in this prosecution, and it was their testimony that helped to implicate and to convict the appellants.

Appellant Vivero who testified in his own behalf was the only witness called by the defense. He denied any knowledge of the smuggling operation, or any acquaintance, other than a casual one, with the other arrested persons. In the course of his direct examination Vivero told about an alleged conversation in the office of the United States Attorney with an Assistant United States Attorney which took place after Vivero's arrest. Vivero maintained, in essence, that despite the importuning and the threats of the Assistant United States Attorney to induce him to cooperate with federal authorities, he steadfastly refused to do so, repeatedly affirming to the prosecution his complete innocence. On cross-examination he further embellished his story by stating that federal agent Miller was a witness to the alleged conversation.

To rebut Vivero's version of the events in the United States Attorney's office, the Government called agent Miller to the stand. Agent Miller testified he was present when Vivero was brought to the office, but that the version of the conversation proffered by Vivero did not, in fact, occur.

The testimony of agent Miller relative to his recollection of the conversation in the United States Attorney's office dealt with a collateral issue, but its introduction and subsequent development in the trial was not prejudicial error. Generally the admission of rebuttal evidence on a collateral matter is within the discretion of the trial judge. See United States v. Hiss, 185 F.2d 822, 832 (2 Cir.1950), cert. denied, 340 U.S. 948, 71 S.Ct. 532, 95 L.Ed. 683 (1951). Moreover, even if the conduct of the Assistant United States Attorney was violative of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), as appellant Vivero insists, it was not prejudicial error for the Government to present and for the court to admit evidence relating to the substance of the conversation under the circumstances here. The prosecution did not initially bring out the subject of the conversation, nor indeed the fact that there had been any conversation with defendant Vivero but, rather, it was the defendants' attorney who, for some tactical reason, brought out the fact of the conversation during his direct examination of Vivero. In this context it was not improper for the prosecution to rebut Vivero's testimony relating to the substance of the conversation by direct examination of agent Miller, a witness who Vivero stated was present in the office at the time of the conversation. See, e.g., United States v. Mullings, 364 F.2d 173, 175 (2 Cir.1966). Also, no admissions or incriminating statements were made by Vivero during the course of the conversation; he persistently maintained his innocence. Compare

---

1. In the quaint jargon of the narcotic trade, individuals who smuggle narcotics on their persons are known as "mules."

United States v. Vanterpool, 394 F.2d 697 (2 Cir. 1968). Consequently we hold that the trial judge did not abuse his discretion in admitting the challenged testimony.

The objection to the admission of the seized evidence is also rejected. Probable cause existed for the arrest and search of appellants and the "mules" at the time they departed the terminal at Kennedy International Airport.

Affirmed.