**UNITED STATES ex rel. Walter GORDON, Petitioner-Appellant,**

v.

**Frederick REINCKE, Warden, Connecticut State Prison, Respondent-Appellee.**

**No. 404, Docket 33051.**

United States Court of Appeals
Second Circuit.

Argued March 25, 1969.

Decided Sept. 18, 1969.

William D. Graham, Hartford, Conn., for petitioner-appellant.

Arlen D. Nickowitz, Asst. State's Atty., Otto J. Saur, State's Atty., for respondent-appellee.

Before WATERMAN, MOORE and FRIENDLY, Circuit Judges.

PER CURIAM:

On May 20, 1955 appellant was arrested and informed against, charged with attempted robbery with violence in violation of Connecticut General Statutes (1949) Section 8357.[1] On June 7, 1955, represented by retained counsel, he pleaded not guilty to the information, and trial was set for the following day.

On June 8, 1955, the State of Connecticut filed a substituted information by which appellant was charged with attempted rape in violation of Connecticut General Statutes (1949) Section 8562.[2] To this substituted charge appellant also pleaded not guilty. As there was no request by appellant's trial counsel for a continuance, the trial on the substituted charge began as scheduled ten minutes after the appellant pleaded to the attempted rape charge.

After this trial conducted by the court without jury appellant was found guilty of attempted rape and was presented for sentence on an habitual criminal charge.[3] He was found guilty and sentenced by the court to 20–30 years imprisonment.[4] He did not appeal his conviction or his sentence.

---

1. Section 8357 reads:
   Sec. 8357. Maiming with intent to disfigure. Robbery with violence. Any person who shall put out an eye, slit a nose, ear, lip or any other part of the head, face or neck of another, or cut or bite off or disable any member of another, with intent to maim or disfigure him, or who shall commit robbery, and in perpetration thereof use any personal abuse, force or violence, or be so armed as clearly to indicate violent intent, shall be imprisoned not more than twenty-five years.

2. Section 8562 reads:
   Sec. 8562. Rape. Any person who commits the crime of rape upon any female shall be imprisoned in the State Prison not more than thirty years. Any person who shall carnally know any female under the age of sixteen years shall be guilty of rape and shall be fined not more than one thousand dollars or imprisoned not more than thirty years or both. No female under the age of sixteen years shall be deemed capable of consenting to an act of intercourse.

3. On June 7, 1955 appellant was informed, out of court, that if he were convicted of the original charge he would be charged as an habitual offender, under then Section 8825 of the Connecticut General Statutes.

4. The pertinent Connecticut statutory provisions follow:
   Connecticut General Statutes Annotated § 54–60 (1960)
   Allegation in criminal cases
   Whenever any indictment, information or complaint is pending before any

After a lapse of more than ten years, appellant on October 5, 1966 filed a petition for a writ of habeas corpus in the Connecticut state courts on the ground that he and his counsel had not been given sufficient time to prepare a defense to the substitute charge. After a hearing at which appellant was represented by court-appointed counsel the petition was dismissed and a certificate of probable cause to appeal was denied. Thereafter appellant filed a similar petition for a writ of habeas corpus in the United States District Court for the District of Connecticut. After examining the state trial record and the record of the state habeas corpus proceedings Judge Blumenfeld did not order that the petitioner be produced in court, and filed a memorandum opinion dismissing the petition. We granted appellant's motion for a certificate of probable cause and for leave to appeal *in forma pauperis,* and assigned him counsel on appeal.

The district judge concluded that appellant was not prejudiced in preparing his defense by the belated substitution of the attempted rape charge for the attempted robbery with violence charge. Appellant contends that this substitution denied him due process of law.

■ We do not agree with appellant. Appellant may have been surprised or even shocked by the change in the charge, but under the circumstances of this case he was not denied due process.

We agree with Judge Blumenfeld who stated below:

"As the substituted charge arose out of the same occurrence as the original one and as its proof required the same witnesses, petitioner was not prejudiced in making his defense to the new charge. Moreover * * * petitioner's trial counsel stated that additional time to prepare would not have helped him. Gordon v. Reincke, Docket No. 148790 (Super.Ct. Hartford Cty., Conn., June 6, 1967)." United States ex rel. Gordon v. Reincke, Civ. No. 12187 (D.Conn. 1967).

■ Appellant also objects to the failure of the district court to appoint counsel below to represent him and to assist him in handling his federal habeas corpus petition. This claim is foreclosed by our decision in United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 714–716 (2 Cir. 1960) [5] and is therefore denied.

■ Although petitioner has presented other claims to us that raise serious questions about the propriety of the conduct of his trial and of his conviction, these claims were not presented to the district court below or to the Connecticut state courts. We decline to consider these issues which are being raised for the first time on this appeal. United States ex rel. O'Neill v. Burke, 379 F.2d 656, 660, n. 5 (7 Cir.), cert. denied, 389 U.S. 876, 88 S.Ct. 173, 19 L.Ed.2d 163 (1967); Huntington v. Michigan, 334 F.2d 615 (6 Cir. 1964) *(per curiam)*; see also United States ex rel. Krzywosz v. Wilkins, 336 F.2d 509 (2 Cir. 1964); Brown v. New Jersey, 395 F.2d 917 (3 Cir. 1968) *(per curiam)*.

Affirmed.

---

court, a conviction may be had for any offense sufficiently alleged therein or for an attempt to commit such offense, and the accused may be convicted or such court may accept a plea of guilty for any of such offenses.

§ 54–198   Attempt to commit statutory crime

Unless otherwise expressly provided, any person who attempts to commit any crime or misdemeanor prohibited by statute shall be subject to the same penalty as provided by statute for the commission of such crime or misdemeanor.

5.   See also United States ex rel. Walls v. Mancusi, 406 F.2d 505 (2 Cir. 1969); United States ex rel. Marshall v. Wilkins, 338 F.2d 404 (2 Cir. 1964).