**UNITED STATES of America,**
**Appellee,**

**v.**

**Ceferino GORDON and Marcelo Vivero,**
**Defendants-Appellants.**

**No. 181, Docket 35022.**

United States Court of Appeals,
Second Circuit.

Submitted Oct. 6, 1970.

Decided Nov. 10, 1970.

Ceferino Gordon and Marcelo Vivero, pro se.

Edward R. Neaher, U. S. Atty. for the Eastern District of New York, Thomas R. Pattison, Asst. U. S. Atty., of counsel, for appellee.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants were convicted after trial in the Eastern District of New York before a jury and Judge Rosling on four counts of an indictment, charging them with importing, receiving, concealing and facilitating the transportation of narcotic drugs in violation of 21 U.S.C. § 174. The judgments were affirmed per curiam by this court, United States v. Vivero, 413 F.2d 971 (1969), and certiorari was denied, 396 U.S. 1017, 90 S.Ct. 583, 24 L.Ed.2d 509.

This proceeding was commenced (pro se) under 28 U.S.C. § 2255 to vacate the judgment and sentences. The motion was denied by Judge Rosling, and Gordon and Vivero appeal. Appellants, together with their two accomplices, were searched and arrested at John F. Kennedy International Airport in the customs area. The two accomplices were found to be carrying approximately two kilograms of cocaine hydrochloride strapped to their bodies. The search and arrests had been predicated upon information supplied by a "reliable" informant. The two accomplices testified to the conspiracy among themselves and appellants which had begun in Guayaquil, Ecuador. According to their testimony, the accomplices were fitted with the bags containing the drug while in Ecuador.

In their § 2255 motions, appellants raised four basic points:

(1) there was no probable cause for appellants' arrest and the search and arrest of their accomplices.

(2) appellants were improperly convicted on the basis of uncorroborated testimony of accomplices.

(3) because there was no proof of possession, there was insufficient evidence to support the verdict.

(4) the inference to be drawn from unexplained possession of cocaine, i. e., that the cocaine was illegally imported, is constitutionally impermissible.

On appeal, appellants substitute the argument that they were denied effective assistance of counsel on their direct appeal, for the contention that the evidence was insufficient.

■ The points raised by appellants may be disposed of without extended discussion. A motion under section 2255 may not be used to review grounds which defendant failed timely to raise at trial and on appeal. United States v. Angelet, 265 F.2d 155, 157 (2d Cir. 1959) (per curiam), cert. denied, 351 U.S. 952, 76 S.Ct. 849, 100 L.Ed. 1476. A fortiori, defendants cannot raise on a section 2255 motion issues which were actually disposed of on direct appeal. Here, the court on direct appeal specifically rejected the contention that the arrest was without probable cause. 413 F.2d at 973. Appellants' contention concerning the use of accomplice testimony could easily have been raised upon direct appeal, so consideration of it at this point is precluded on the same grounds. In any case, the federal rule is well established that a defendant may be convicted upon the uncorroborated testimony of an accomplice. E.g., Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442 (1917); United States v. Corallo, 413 F.2d 1306, 1323 (2d Cir. 1969), cert. denied, 396 U.S. 958, 90 S.Ct. 431, 24 L. Ed.2d 422.

Appellants' point concerning inadequate counsel apparently relies on the fact that "counsel failed to bring out the argument of probable cause to arrest and suppression of evidence until appellant Gordon filed a motion in the Court of Appeals charging ineffective assistance of counsel." The issue of probable cause was in fact, however, argued and rejected on direct appeal.

■ The final point relied upon by appellants concerns the unconstitutional inference of knowledge of importation drawn from mere possession. (Knowledge of illegal importation is required for liability under 21 U.S.C. § 174.) The argument is based on two decisions of the Supreme Court, Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). The record, however, shows that no such inference was employed in this case. Appellants' accomplices testified at trial that all four had met in Ecuador and devised the conspiracy there to import the cocaine by fitting it to the accomplices' bodies while in Ecuador. Appellants contend now that the plane which carried the accomplices and appellants from Ecuador to New York had a stop-over in Miami, during which the accomplices entered that city. It was possible, then, that they obtained the narcotics there and proceeded to New York.

In its charge to the jury, however, the court stated: "I might say that if you do not believe or have reasonable doubt, rather, that such meeting did take place [i. e., in Ecuador] and that such agreement was entered into under the circumstances described by the witnesses, you must acquit." The agreement to which the court referred was the one whereby the accomplices were to have the narcotics fitted onto their bodies while still in Ecuador.

In this state of the proof, under the charge as given, there was no place for the inference. The conviction is properly based on direct proof of knowledge of illegal importation. The judgment is affirmed.