George WILLIAMS, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 71 Civ. 3649.

United States District Court,
S. D. New York.

Nov. 30, 1971.

George Williams, pro se.

Whitney North Seymour, Jr., U. S. Atty., for the Southern District of New York, New York City, for the United States.

John J. Kenney, Asst. U. S. Atty., of counsel.

EDWARD WEINFELD, District Judge.

This is the second pro se petition pursuant to section 2255 of Title 28, United States Code, to vacate petitioner's judgment of conviction for a narcotics violation.[1] He was tried to a jury before Judge Thomas F. Murphy, and following conviction was sentenced to a term of eight years imprisonment. The judgment of conviction was affirmed without opinion on December 10, 1970, and certiorari denied on May 17, 1971.[2] Shortly before certiorari was denied, petitioner filed his first petition, which this Court denied on June 21, 1971, noting:

"The grounds now urged to void the judgment of conviction were all known to petitioner at the conclusion of his trial and could have been presented upon his direct appeal; moreover, the challenge to his conviction is based upon non-constitutional claims which neither singly nor in combination present any issue of constitutional dimension. And finally, a study of the record indicates the claims are without merit."

Thereafter, petitioner filed the current petition in which he seeks to void

1. 21 U.S.C. §§ 173, 174. These sections were repealed, effective May 1, 1971, by § 1101(a) (2) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513, 84 Stat. 1291, but prosecutions for violations which oc-

curred prior to that date were not affected. Pub.L. No. 91–513, § 1103(a), 84 Stat. 1294.

2. 402 U.S. 987, 91 S.Ct. 1677, 29 L.Ed.2d 152.

the judgment of conviction upon a claim of constitutional infirmity, to wit, that his arrest without a warrant was illegal, and consequently a narcotics adulterating kit seized during the search of his apartment and introduced in evidence at his trial, Exhibit 3, was the fruit of a constitutionally impermissible search. The essence of his claim is that the crime of which he was convicted occurred on July 4, 1968, when he sold narcotics to an undercover agent of the Federal Bureau of Narcotics; that the agent, being a party to the transaction, knew at that time that probable cause existed for his prosecution; that there was ample time to obtain an arrest warrant; that he had not secreted himself or fled the jurisdiction; that he was not arrested until July 30, twenty-six days after the commission of the crime; that there were no exigent circumstances which dispensed with the requirement for an arrest warrant; that his warrantless arrest at his apartment was unlawful, and consequently the search incidental to the arrest which yielded the evidence against him likewise was constitutionally tainted and hence the judgment of conviction is void.[3]

The issue presented—whether in the absence of any exceptional circumstances the failure of a police officer to obtain an arrest warrant before entering a suspect's dwelling when the officer has probable cause to believe that the suspect has committed a felony should invalidate the resulting arrest and consequently any search made incidental thereto—has been considered but not passed upon by our Court of Appeals in United States v. Titus.[4] The Supreme Court similarly left the issue undecided in Coolidge v. New Hampshire.[5] However, the District of Columbia Court of Appeals has determined that in the absence of "exigent circumstances," an arrest warrant is required to effect a valid entry of premises to arrest a person reasonably believed to be therein upon probable cause that he has committed a felony.[6]

To put the immediate matter in proper focus, reference must be made to certain facts. The trial record contains no explanation as to why an arrest warrant was not obtained. The defendant, both at trial and upon his appeal was represented by competent counsel of very considerable experience in the field of criminal law, both trial and appellate, particularly narcotics cases. The arrest and search did not go by unnoticed. In advance of trial, defense counsel moved to have the fruits of the search and seizure incident to his arrest suppressed; the motion was referred to the trial judge. At the trial a stipulation was entered into that Exhibit 3 was seized on July 30, 1968, incidental to defendant's arrest, and the scope of the search was also stipulated. Thereafter the motion to

3. At the time of petitioner's arrest in 1968, any agent of the Bureau of Narcotics had the statutory authority to "make arrests without warrant for violations of any law of the United States relating to narcotic drugs * * * where such person has reasonable grounds to believe that the person to be arrested has committed or is committing such violation." 26 U.S.C. § 7607(2) (subsequently amended by the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91–513, § 1102(g), 84 Stat. 1292–1293). The Drug Act continued and expanded the authority of designated officers or employees of the Bureau of Narcotics to make warrantless arrests. 21 U.S.C. § 878(3) (enacted as part of the Comprehensive Drug Abuse Prevention and control Act of 1970, Pub.L. No. 91–

513, § 508(3), 84 Stat. 1273). See United States v. Jamison, 395 F.2d 716, 717 (2d Cir. 1968) (per curiam), cert. denied, 395 U.S. 986, 89 S.Ct. 213, 23 L.Ed.2d 774 (1969); United States v. Santiago, 327 F.2d 573, 574–575 (2d Cir. 1964); Spurlock v. United States, 295 F.2d 387, 389–340 (9th Cir. 1961), cert. denied, 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed.2d 280 (1962); United States v. St. Clair, 240 F.Supp. 338 (S.D.N.Y.1965).

4. 445 F.2d 577, 578 (2d Cir. 1971) (Friendly, C. J.).

5. 403 U.S. 443, 480–481, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

6. Dorman v. United States, 435 F.2d 385 (D.C.Cir. 1970) (en banc). See also Vance v. North Carolina, 432 F.2d 984, 990–991 (4th Cir. 1970).

suppress was renewed and it was denied. Upon direct appeal, it was urged that the scope of the search was impermissible under both *Chimel* and pre-*Chimel* standards.[7] By its affirmance the Court of Appeals rejected petitioner's contention that the search exceeded the permissible scope of a search incident to arrest.

■ The validity of petitioner's warrantless arrest was not specifically argued upon his direct appeal—indeed, the government's statement in its brief that "[t]he search in this case was made incident to a warrantless arrest whose validity is not contested, as indeed it could not be," [8] drew no challenge in reply. It is hornbook law by now that a section 2255 motion may not be used to relitigate matters not only decided, but which could have been presented, on direct appeal,[9] nor may the section be applied in a collateral attack based upon a fragmentized claim which petitioner raised in a slightly different fashion at his trial and upon appeal.[10]

■ Even were it assumed that the issue of invalid search and seizure incident to an allegedly unlawful arrest was not raised upon direct appeal (and this is not altogether clear), petitioner here "deliberately by-passed" normal appellate procedures and is foreclosed at this late date from raising the claim, the facts of which were known to him from the time of his arrest and to his counsel both at trial and upon appeal.[11] Petitioner has failed to set forth any reason why, with knowledge of all the basic facts upon which his present claim of constitutional infirmity rests, the claim was not advanced upon direct appeal, particularly since the prosecutor's statement upon appeal that the "warrantless arrest whose validity is not contested" was not challenged. Indeed, the matter was further highlighted in petitioner's own brief in one of the points urged upon appeal for reversal of the judgment—"The Court below, to the great prejudice of the defendant, invaded the province of the jury by its instruction [in response to the jury's inquiry] [12] that

---

7. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Since the search was conducted prior to the Supreme Court's holding in *Chimel*, the issue was raised to preserve defendant's rights should the Supreme Court decide that *Chimel* was to be applied retroactively. The Court has recently declined to give *Chimel* such retroactive application. Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971).

8. Brief for Appellee at 7.

9. Castellana v. United States, 378 F.2d 231, 233 (2d Cir. 1967); United States v. Rosenberg, 200 F.2d 666, 668 (2d Cir. 1952), cert. denied, 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384 (1953). *Accord,* United States v. Gordon, 433 F.2d 313, 314 (2d Cir. 1970) (per curiam); Panico v. United States, 412 F.2d 1151, 1154 (2d Cir. 1969), cert. denied, 397 U.S. 921, 90 S.Ct. 901, 25 L.Ed.2d 102 (1970).

10. De Welles v. United States, 372 F.2d 67 (7th Cir.), cert. denied, 388 U.S. 919, 87 S.Ct. 2140, 18 L.Ed.2d 1365

(1967); *see* Konigsberg v. United States, 418 F.2d 1270 (3d Cir. 1969), cert. denied, 398 U.S. 904, 90 S.Ct. 1693, 26 L.Ed.2d 63 (1970).

11. *See* Kaufman v. United States, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); Zovluck v. United States, 448 F.2d 339, 341 (2d Cir. 1971); United States v. Gordon, 433 F.2d 313, 314 (2d Cir. 1970) (per curiam); Castellana v. United States, 378 F.2d 231, 233 (2d Cir. 1967); United States v. Angelet, 265 F.2d 155, 157 (2d Cir. 1959) (per curiam); Agueci v. United States, 305 F.Supp. 998, 1001 (S.D.N.Y.1969). *Cf.* Fay v. Noia, 372 U.S. 391, 438–440, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

12. After deliberating several hours, the jury sent a note to the Court which read: " * * * (1) Why was Mr. Williams not arrested July 4 when the transaction took place?" The Court answered: "There is no evidence in the case why the defendant was not arrested on July 4— I might add there may be many reasons, but you are not allowed to speculate." Record at 208, 212.

[it] could not speculate on the reasons for the failure of the federal agents to arrest the defendant on the night of"[13] July 4, when the sale occurred. Upon the facts presented, the conclusion is warranted that petitioner deliberately by-passed normal appellate procedures.[14]

Petitioner seeks other relief, none of which presents any claim of substance. He seeks an inspection of the grand jury minutes and assignment of counsel. No sufficient reason has been advanced as to the need for the grand jury minutes,[15] and there is no indication why counsel is required.[16] It should be noted that at the trial the grand jury minutes were made available to the defendant.

■ Next, petitioner moves for an inquiry as to why his preliminary hearing before the United States Commissioner, prior to the return of the indictment by the grand jury, was adjourned on fifteen occasions. All these adjournments were at a time when he was represented by counsel. The fact that there were adjournments before the grand jury returned the indictment furnishes no basis for a collateral attack on the judgment of conviction.[17]

The respective motions are denied.

---

13. Brief for Appellant, point 4, at 16.

14. *See* Kaufman v. United States, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 1075, 22 L.Ed.2d 227 (1969) (" * * * the § 2255 court may in a proper case deny relief to a federal prisoner who has deliberately ·bypassed the orderly federal procedures provided at or before trial and by way of appeal * * *.").

15. *See* United States v. Gardner, 308 F. Supp. 425, 428 (S.D.N.Y.1969) ; United States v. Robinson, 42 F.R.D. 421, 423 (S.D.N.Y.1967) ; *cf.* Blumenfield v. United States, 284 F.2d 46, 50 (8th Cir. 1960), cert. denied, 365 U.S. 812, 81 S.Ct. 693, 5 L.Ed.2d 692 (1961) ; United States v. Weber, 197 F.2d 237, 238 (2d

Cir.), cert. denied, 344 U.S. 834, 73 S.Ct. 42, 97 L.Ed. 649 (1952).

16. *See* Cates v. Ciccone, 422 F.2d 926, 928–929 (8th Cir. 1970) ; United States *ex rel.* Gordon v. Reincke, 415 F.2d 1126, 1128 (2d Cir. 1969) (per curiam) ; United States *ex rel.* Walls v. Mancusi, 406 F.2d 505, 510 (2d Cir.), cert. denied, 395 U.S. 958, 89 S.Ct. 2099, 23 L.Ed.2d 745 (1969) ; United States *ex rel.* Wissenfeld v. Wilkins, 281 F.2d 707, 714–716 (2d Cir. 1960).

17. *See* Sciortino v. Zampano, 385 F.2d 132 (2d Cir. 1967), cert. denied, 390 U.S. 906, 88 S.Ct. 820, 19 L.Ed.2d 872 (1968) ; *cf.* United States v. Milano, 443 F.2d 1022, 1024–1025 (10th Cir. 1971).