George **WILLIAMS**, Petitioner-Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 777, Docket 72–1021.

United States Court of Appeals, Second Circuit.

Argued June 9, 1972.

Decided July 10, 1972.

Lawrence Stern, New York City, for petitioner-appellant.

John J. Kenney, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., Peter L. Truebner and Peter F. Rient, Asst. U. S. Attys., of counsel), for appellee.

Before FRIENDLY, Chief Judge, and LUMBARD and MULLIGAN, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Southern District of New York entered on November 30, 1971 denying without a hearing appellant's pro se petition pursuant to Title 28, U.S.C. Section 2255 (1970), to vacate his conviction for a narcotics violation. The decision of Hon. Edward Weinfeld dismissing the opinion is published. Williams v. United States, 334 F.Supp. 669 (S.D.N.Y. 1971). We affirm the order.

After a three day jury trial before Hon. Thomas F. Murphy, United States District Judge, the appellant was found guilty on July 22, 1970, of selling 27.37 grams of heroin in violation of Title 21, United States Code Sections 173 and 174 (1964) (repealed 1971). Williams was sentenced to an eight year term which he is presently serving. His conviction was affirmed by this court without opinion on December 10, 1970 and his petition for a writ of certiorari was denied by the Supreme Court on May 17, 1971, Williams v. United States, 402 U.S. 987, 91 S.Ct. 1677, 29 L.Ed.2d 152 (1971).

On July 4, 1968 Williams sold an ounce of heroin to a government undercover agent. He was not arrested until July 30, 1968, some 26 days later. Incident to the warrantless arrest at his home, a narcotics adulterating kit was discovered and seized. The petitioner now urges that the agent had probable cause to arrest him on July 4th, and in the intervening 26 days there was ample time to obtain a warrant for his arrest. He claims therefore that his warrantless arrest as well as the incident search and seizure was unlawful, and that the introduction of the narcotics kit at his trial violated his constitutional rights.

██ The legal issues raised by this petition have been fully discussed and properly decided in Judge Weinfeld's opinion. All of the facts concerning Williams' July 4th sale and July 30th arrest and house search were of course fully known by Williams and his experienced trial and appellate counsel. A motion to suppress the fruits of the search was made to the trial judge and was denied. On the trial itself the jury while deliberating sent a note to the court asking why Williams was not arrested on July 4th. The judge responded that they were not to speculate, and that there was no evidence in the record indicating why he had not been. On appeal this instruction of the court was claimed to be a prejudicial error. Moreover, the scope of the search under both Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) and pre-*Chimel* standards was raised. The only conclusion that can be drawn from all of this, particularly the attack on the scope of the search incident to an arrest, is that there was a deliberate by-passing of the orderly federal procedures provided at or before trial and by way of appeal. Hence, it is within the exception set forth in Kaufman v. United States, 394 U.S. 217, 227, 89 S.Ct. 1068, 22 L.Ed.2d 227 n. 8 (1969) and Judge Weinfeld was fully justified in denying the petition.

██ Assigned counsel for Williams now urges that the reason for the fail-

ure to raise the question of the warrantless arrest in the first appeal was that the point was "foreclosed" by prior decisions of this court, but that subsequent cases in the Supreme Court now make the question appropriate. We are not impressed by the argument. Lack of probable success in raising an issue has seldom if ever precluded counsel from raising a question (compare 334 F.Supp. at 671 n. 7), and such a proffered "justification" for not raising an issue on direct appeal will certainly not preclude a finding of "deliberate bypass" when deciding a § 2255 petition. *Cf.* Grieco v. United States, 435 F.2d 677, 678–679 (7 Cir. 1970), cert. denied, 401 U.S. 1009, 91 S.Ct. 1251, 28 L.Ed.2d 544 (1971). Appellant's main authority for the proposition that the warrantless search was unconstitutional is Mr. Justice Harlan's statement in Jones v. United States, 357 U.S. 493, 499–500, 78 S.Ct. 1253, 2 L. Ed.2d 1514 (1958) which indicated that a grave constitutional question would arise if there was a forcible, nighttime entry into a dwelling to make a warrantless arrest if no reason appeared why a warrant could not have been previously obtained. That opinion was written 12 years before the trial and appeal of this case, and we can only conclude that counsel did not believe that the circumstances in this case were even arguably close. The Supreme Court has since failed to rule on the question, Coolidge v. New Hampshire, 403 U.S. 443, 480–481, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), as has this court, United States v. Titus, 445 F.2d 577, 578 (2 Cir.), cert. denied, 404 U.S. 957, 92 S.Ct. 323, 30 L. Ed.2d 274 (1971). The remand by the Supreme Court in United States v. Gaines, 404 U.S. 878, 92 S.Ct. 223, 30 L. Ed.2d 159 (1971) was at the suggestion of the Solicitor General, and on remand the point of the warrantless arrest was not reached, United States v. Gaines, 460 F.2d 176 (2d Cir. 1972). There is no greater encouragement in our view today than existed in 1968 for the position now asserted by the petitioner. The order is affirmed.