**UNITED STATES of America, Respondent-Appellee,**

v.

**Estyne WEST, Petitioner-Appellant.**

**No. 880, Docket 74–1045.**

United States Court of Appeals, Second Circuit.

Argued March 8, 1974.

Decided April 11, 1974.

Paul P. Rao, Jr., New York City, for petitioner-appellant.

Lawrence S. Feld, Asst. U. S. Atty., New York City (Paul J. Curran, U. S. Atty. for the Southern District of New York, New York City, John D. Gordan, III, Asst. U. S. Atty., of counsel), for respondent-appellee.

Before MOORE, MANSFIELD and OAKES, Circuit Judges.

MOORE, Circuit Judge:

Appellant, Estyne West, was convicted of possession with intent to distribute 11.9 grams of cocaine—a violation of 21 U.S.C. §§ 812, 841(a)(1), and § 841(b)(1)(A). She was sentenced to one year's imprisonment and three years' special parole. Upon appeal, her conviction was affirmed from the bench, 480 F.2d 916 (2d Cir. 1972) and certiorari was denied. 414 U.S. 974, 94 S.Ct. 287, 38 L.Ed.2d 218 (1973). Appellant then moved pursuant to 28 U.S.C. § 2255 to vacate the judgment of conviction and set aside her sentence. This motion was denied, and the present appeal was taken from that denial.

Appellant was apprehended when, in the early morning hours of March 7, 1972, narcotics agents, having entered her apartment on the authority of a search warrant by means of a ladder, observed her throwing what later was discovered to be cocaine through her window. The agents had arrived at the apartment at approximately 8:00 P.M. the evening before but, hearing voices inside, decided to wait in the hallway in an attempt to avoid a forcible entry. The agents then waited outside appel-

lant's apartment for five hours. During this time one agent, who put his ear to the door, overheard fragments of the conversation going on inside. Although he was not able to follow the gist of the conversation, he heard appellant use the word "cocaine" several times, and he testified to this fact at the trial. Defense counsel made no objection to this testimony.

For the first time, on petition for certiorari, appellant raised the argument that the agent's testimony in regard to the overheard words was improper as illegal eavesdropping and that its admission was violative of her Fourth Amendment rights. The petition to the Supreme Court being denied, this argument was reiterated in the § 2255 petition to the court below.

Appellant contends that the case of Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), provided a basis for the lower court to consider her claims of tainted evidence and thus the dismissal of her petition was error. In *Kaufman* a defendant, whose defense at trial had been insanity, was permitted to attack on a § 2255 motion some of the evidence introduced to prove his sanity on the grounds that it had been illegally obtained.

Assuming that § 2255 may be made the vehicle for bringing the matter (the introduction of the eavesdropping testimony) to this Court, a brief review of the testimony of the agents may be helpful. The testimony of Agent Hall that he had heard the word "cocaine" through the door assumed a minor role in contrast to the testimony of Agent Korniloff who, upon entering the apartment via a ladder, actually saw appellant throw the object containing the cocaine out the window. When Agent Hall testified as to hearing the word "cocaine" as previously mentioned, no objection was taken. Had the point been raised, as now argued, the trial judge might have stricken the testimony or since the questions gave ample warning of the circumstances under which he was listening, sustained an objection to any answer. Cases in this Circuit could have supplied counsel with a clue as to the permitted range of eavesdropping. *See* United States v. Ortega, 471 F.2d 1350, 1361 (1972); Williams v. United States, 463 F.2d 1183, 1184 (1972); United States v. Llanes, 398 F.2d 880 (1968).

Trial strategy of counsel is not to be ignored. Thus, there is no need to pass upon the merits of admissibility if we find, as we do, that there was a "deliberate by-passing" of the Fourth Amendment issue at the trial. Defense counsel was alerted to the facts relating to Hall's listening. It was for him to decide whether to object.

As said in *Kaufman*, 394 U.S. at p. 227, footnote 8, 89 S.Ct. at 1075.

> Furthermore, the § 2255 court may in a proper case deny relief to a federal prisoner who has deliberately bypassed the orderly federal procedures provided at or before trial and by way of appeal * * *.

As to inadequacy of counsel, successor counsel, so frequently believing that they have discovered a hitherto unargued point, unhesitatingly level this charge at their brethren of the Bar. In this case, appellant was at various stages represented by three experienced counsel. Each could have raised this argument; only the third did so and he did not do so at his first opportunity. The absence of any complaint on this matter either on the motion for a new trial or on direct appeal convinces us that counsel on both these levels as well as at trial determined, in their discretion, that there was scant purpose to raise objection and thus bypassed the various review procedures provided.

The decision of the court below is therefore affirmed.